## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------X
                                      )

P. STEPHEN LAMONT                          )

35 Locust Avenue Rye, N.Y. 10580, Tel.: (914) 217-0038  )

individually, AND AS NOMINEE FOR 100% OF THE  )     Civil Action No.

CAPITAL SHARES OF IVIEWIT HOLDINGS, INC.,  )     11 cv 00949

                                        )     Assigned to:

                        Plaintiff,      )     Hon. Henry H. Kennedy

                                        )

             v.                         )

                                        )

PROSKAUER ROSE LLP.,                  )

1585 Broadway, New York, NY 10036-8299, et al.  )

                                        )

                     Defendants,    )

                                        )

-------------------------------------------------------------------X

### DECLARATION OF MONICA CONNELL IN OPPOSITION TO
### PLAINTIFF'S "EMERGENCY MOTION" TO DISQUALIFY THE
### OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL
### FROM REPRESENTING THE STATE DEFENDANTS.

      **MONICA CONNELL**, an attorney duly admitted to the Bars of the State of New

York and the Federal District Courts of the Southern District and Eastern District of New

York, declares and states as follows, under penalties of perjury:

      1.     I am an Assistant Attorney General in the office of ERIC T.

SCHNEIDERMAN, Attorney General of the State of New York, attorney for the State of

New York, and current or former State officials Thomas J. Cahill, Martin R. Gold, the

Hon. Richard T. Andrias, and the Hon. David B. Saxe (hereinafter the "State

Defendants") in this action.[1]

2. I submit this declaration in opposition to Plaintiff pro se P. Stephen Lamont's "emergency motion" to disqualify the New York State Attorney General from representing the State Defendants in this action.

3. By motion dated June 29, 2011 (Docket # 11), the State Defendants moved, pursuant to Federal Rule of Civil Procedure 12(a)(1), (2), and (6), to dismiss all claims asserted against them by Plaintiff on the following grounds: (1) lack of personal jurisdiction; (2) lack of subject matter jurisdiction; (3) *res judicata* and collateral estoppel; (4) lack of standing; (5) sovereign immunity; (6) absolute and quasi-judicial immunity; and (7) failure to state a claim. That motion is pending.

4. It is respectfully submitted that because Plaintiff's claims are jurisdictionally and procedurally barred, there is no need for this Court to address Plaintiff's motion to disqualify the Attorney General's representation of the State Defendants in this case because Plaintiff has no viable claim against any of the State Defendants. Nevertheless, even were the Court to consider this application, it should be denied as substantively without merit.

5. Plaintiff argues that because he alleges unconstitutional and unlawful conduct on the part of the State and the individual State Defendants, the Attorney General should not be permitted to appear on their behalves in this action. Plaintiff also argues that at unspecified times in the past he has complained to unspecified persons within this Office about the defendants' alleged illegal conduct and thus the office is conflicted from

---

1 Plaintiff has also sued Lawrence DiGiovanna, Diana Maxfield Kearse, and James E. Pelzer, all current or former State officials. Upon information and belief, Plaintiff has not made any attempt to serve these defendants. There is a motion to dismiss pending which should resolve all claims against the State and all current and former State officials.

representing the State Defendants.

6.     Pursuant to New York Executive Law § 63 and Public Officers Law §17, the Attorney General is charged with defending New York State and its agencies and officials. Plaintiff provides no basis for overriding these New York statutes.

7.     The duty to provide representation under the Public Officers Law is broad and akin to the obligation of an insurance company to provide representation; representation must be given unless the facts and the law are so clear as to admit no doubt of the officer's liability and lack of entitlement to representation. Where there are conflicting accounts of the facts and the law, representation must be given. Mathis v. State, 140 Misc.2d 333, 339, 531 N.Y.S.2d 680, 684 (Sup. Ct. Albany Co. 1988).

8.     Here, it is respectfully submitted that as asserted in the pending motion to dismiss, not only can Plaintiff not show that the State Defendants incontrovertibly engaged in misconduct towards him, his claims are entirely without merit. In fact, Plaintiff, with his former co-plaintiff Eliot Bernstein, previously litigated the same issues and claims raised here against the same defendants (as well as literally dozens of other State and private defendants), in an action in the United States District Court for the Southern District of New York, entitled Bernstein v. New York, 591 F.Supp.2d 448, 460 (S.D.N.Y. 2008) (07 cv 11196). Plaintiff raised this identical allegation of an alleged conflict of interest in the Attorney General's representation of the State defendants in that action and his application for the disqualification of this Office was denied by the March 8, 2008 order of the District Court (Scheindlin, J.). A copy of that order is annexed hereto as Exhibit A.

9.     Furthermore, where representation under the Public Officers Law is denied, a public officer may sue to obtain representation but third parties may not sue to challenge the Attorney General's decision to represent a State officer or agency because third parties lack standing to assert such claims. Zaccaro v. Parker, 169 Misc.2d 266, 268, 645 N.Y.S.2d 985, 987 (Sup. Ct. Onandaga Co. 1996). Here, Plaintiff has no standing to challenge this Office's election to represent the State Defendants.

10.     The cases upon which Plaintiff relies are inapposite. For example, U.S. v. Newell, 315 F.3d 510, 516 ( 5th Cir. 2002), involved a criminal matter wherein a single attorney was permitted to represent two co-defendants despite their clear and actual conflicting interests, as revealed by evidence during a criminal trial. Here, Plaintiff cannot show any actual conflict between or among the respective State Defendants. Additionally, his same allegations of alleged wrongful conduct were previously dismissed by a federal district court in New York. See Exhibit A. just his allegations of wrongful conduct. Under Plaintiff's conception of the law, the Attorney General would be precluded from ever defending the State or State officers or agencies when they are sued because in every case against the State, wrongful conduct is alleged.

11.     In light of the foregoing, the State Defendants oppose Plaintiff's application for disqualification and ask that it be denied.

Pursuant to 28 U.S.C. §1746 I declare under penalty of perjury that the foregoing is true and correct. Executed on July 12, 2011.

_____
MONICA CONNELL (MC 9841)

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

ELIOT I. BERNSTEIN, et al.,

                 **Plaintiffs,**

    - against -

**APPELLATE DIVISION FIRST
DEPARTMENT DISCIPLINARY
COMMITTEE, et al.,**

                 **Defendants.**

------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 3/10/08

**ORDER**

**07 Civ. 11196 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       By letter to the Court dated March 5, 2008, plaintiffs request that the

Court investigate whether the Attorney General for the State of New York suffers

from conflicts of interest that prevent him from representing certain defendants

(the "State Defendants") in this matter. Plaintiffs suggest that the Attorney

General is conflicted because they requested that he investigate the allegations

underlying this action and because they believe he will be called upon to

investigate related allegations as they are exposed. I have considered plaintiffs'

request and have determined that the Attorney General does not face an improper

conflict of interest in representing the State Defendants. If, however, the Attorney

General concludes that an investigation of defendants is warranted, then

1

independent counsel would be required.

Plaintiffs also argue that it is inappropriate for the Attorney General
to represent the Hon. Judith S. Kaye on the ground that Judge Kaye was appointed
to the bench by the father of the current Attorney General. While the Chief Judge
was appointed many years ago by the Attorney General's father, this does not
create either a conflict of interest or an appearance of impropriety in permitting the
current Attorney General to represent the Chief Judge in this lawsuit.

Plaintiffs request that the Court direct the two law firm defendants to
retain independent counsel on the ground that conflicts of interest prevent their
attorneys from representing the firms. Plaintiffs have shown no ground for
disqualifying attorneys at the defendant law firms from representing the firms.

Plaintiffs request that the Court find that defendant Raymond A.
Joao's counsel, alleged to be John W. Fried, is conflicted because Fried will be
required to testify and may be added as a defendant. Plaintiffs' request is denied
at this time. If at a later point in the proceedings it appears that Fried is not able to
represent his client fairly, the Court will address the conflict at that time.

Plaintiffs request that the Court order the United States Small
Business Administration to retain counsel and enter the lawsuit on the side of
plaintiffs. The Court lacks the power to require the United States to join the

2

lawsuit.

Plaintiffs also request that the Court reconsider its earlier denial of

plaintiffs' request for pro bono counsel. A motion for reconsideration is

appropriate where a court overlooks "controlling decisions or factual matters that

were put before it on the underlying motion . . . and which, had they been

considered, might have reasonably altered the result before the court."[1] Plaintiffs

have presented no such decisions or factual matters. The request is therefore

denied.

By letter to the Court dated February 29, 2008, the State Defendants

indicated their desire to resolve certain issues relating to service of the Summons

and Complaint and requested an extension of time to return waivers of personal

service.[2] Defendants' time to return waivers of personal service is hereby

---

[1]     *Range Road Music v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392
(S.D.N.Y. 2000) (quotation marks and citation omitted). *See also Shrader v. CSX
Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting . . . a
motion [for reconsideration] is strict, and reconsideration will generally be denied
unless the moving party can point to controlling decisions or data that the court
overlooked-matters, in other words, that might reasonably be expected to alter the
conclusion reached by the court.").

[2]     Certain other defendants joined in these requests. *See* 3/4/08 Letter
from Joanna Smith, Esq., Attorney for Defendants Krane, Rubenstein, the Estate
of Stephen Kaye, and Proskauer Rose, LLP, to the Court.

3

extended until March 21, 2008.[3]  This letter also requested an extension of time to move or answer.  Defendants shall move or answer no later than May 30, 2008. The parties need not exchange letters prior to filing motions.


SO ORDERED:

Shira A. Scheindlin
U.S.D.J.


Dated:      New York, New York
            March 7, 2008

---

[3]      Plaintiffs have also requested that the Court order the provision of definitive proof of service.  Because defendants have indicated that they will waive personal service, this request is moot.

4

## - Appearances -

**Plaintiffs (pro se):**

Eliot I. Bernstein
39 Little Avenue
Red Bluff, California 96080
(530) 529-4410

P. Stephen Lamont
35 Locust Avenue
Rye, New York 10580
(914) 217-0038

**For the State Defendants:**

Monica Connell
Assistant Attorney General for the State of New York
120 Broadway
New York, New York 10271
(212) 416-8610

**For Defendants Krane, Rubenstein, the Estate of Stephen Kaye, and Proskauer Rose, LLP:**

Joanna Smith, Esq.
Proskauer Rose, LLP
1585 Broadway
New York, New York 10036
(212) 969-3437

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing State Defendants' Opposition to Plaintiff's "Emergency Motion" to disqualify the Office of the New York State Attorney General and all attached exhibits, to be served electronically upon all parties appearing thusfar in the action:

P. Stephen Lamont
*Plaintiff Pro Se*
35 Locust Avenue
Rye, NY 10580
(914) 217-0038
Email: pslamont@gmail.com

James F. Segroves, Esq.
PROSKAUER ROSE LLP
*Attorneys for the Defendants Proskauer Rose LLP,*
*Rubenstein, Wheeler, and Krane*
1001 Pennsylvania Avenue, N.W.
Suite 400 South
Washington, DC 20004
(202) 416-6800
Fax: (202) 416-6899
Email: jsegroves@proskauer.com

Jared R. Butcher, Esq.
Steptoe & Johnson LLP
*Attorneys for Time Warner, Inc.*
Litigation
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
(202) 429-1302
Email: jbutcher@steptoe.com

with exception of defendant Lewis S. Meltzer who was serve by mail.

this 13th day of July, 2011.

Monica Connell