**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**P. STEPHEN LAMONT individually, AND AS
NOMINEE FOR 100% OF THE CAPITAL SHARES
OF IVIEWIT HOLDINGS, INC.,**

**DOCKET NO:**
**11-CV-00949 (HHK)**

**Plaintiff,**

**-v-**

**PROSKAUER ROSE LLP, et al.**                    **OPPOSITION**

Defendants

---

<u>**PLAINTIFFS'S OPPOSITION TO THE MOTION TO DISMISS OF RAYMOND
A . JOAO**</u>


<u>For Plaintiffs</u>

P. Stephen Lamont, Pro Se
35 Locust Avenue
Rye, N.Y. 10580
Tel.: (914) 217-0038
Email: p.stephen.lamont@gmail.com

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ............................................................... 5

II.   OPPOSITION TO PLAINTIFF LACKS STANDING TO BRING A CLAIM
ON BEHALF OF IVIEWIT HOLDINGS .................................................. 6

III.   OPPOSITION TO NO VALID CLAIM HAS BEEN BROUGHT UNDER 42
U.S.C.A. § 1983 ................................................................................... 6

    1.   OPPOSITION TO THE § 1983 CLAIMS ARE BARRED BY *RES JUDICATA* ...................... 6
        A.   *Public Corruption Case* ....................................................... 6
        B.   *Proceedings in Public Corruption Case.* ........................................ 10
    2.   OPPOSITION TO PLAINTIFF CANNOT STATE A CLAIM UNDER § 1983 .................... 12
        A.   *Federal and Constitutional Rights Violated by Defendant Joao* ...................... 12
    3.   OPPOSITION TO SECTION 1983 CLAIM IS TIME-BARRED ....................................... 14
        A.   *Defendant Kenneth Rubenstein's Backward Pass to Defendant Joao.* ............. 14
        B.   *Linked Continuous Chain of Events.* ............................................... 15
        C.   *The Public Interest* .......................................................... 16

IV.   OPPOSITION TO CLAIMS OF FRAUD AND CONSPIRACY TO
COMMIT FRAUD CANNOT STAND .................................................... 17

    1.   OPPOSITION TO PLAINTIFF'S CLAIMS ARE TIME-BARRED AND CLAIMS FAIL UNDER
    RULE 9(B) ..................................................................................... 17

V.   CONCLUSION .................................................................................... 19

# TABLE OF AUTHORITIES

## Cases

*Allen v. McCurry*, 449 U.S. 90, 97-98, 101 S. Ct. 411, 416-417, 66 L. Ed. 2d 308 (1980) ...................................................................................................................................... 10

*Bernstein, et al v. Appellate Division First Department Disciplinary Committee, et al.* (07civ11196, SDNY, filed December 12, 2007) ........................................................... 7

*Bernstein, et al. v. Appellate Division First Department Departmental Disciplinary Committee, et al.* (CA2, 08-4873-CV) ........................................................................ 13

*Christine C. Anderson v. the State of New York, et al.*, (07CV9599 S.D.N.Y., October 26, 2007) ........................................................................................................................... 7

*Colvig v. RKO General, Inc.*, 232 Cal. App. 2d 56, 42 Cal. Rptr. 473, 485 (1965) ........... 9

*Donald Gilbert Clark, Plaintiff-Appellant, v. Yosemite Community College District, et al.* 785 F. 2d 781 ............................................................................................................... 10

*Greenfield v. Mather*, 32 Cal.2d 23, 35, 194 P.2d 1, 8 (1948) .......................................... 8

*Hight v. Hight* 67 Cal. App. 3d 498, 136 Cal. Rptr. 685 (1977).................................... 9

*Jackson v. Jackson*, 253 Cal. App. 2d 1026, 62 Cal. Rptr. 121 (1967) ............................ 9

*Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S.Ct. 2502, 2504, 65 L.Ed.2d 555 (1980) .......... 13

*Malynn v. Morgan Hill Unified School District*, 137 Cal. App. 3d 785, 786-89, 187 Cal. Rptr. 303, 305 (1982)................................................................................................. 13

*Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 84, 104 S. Ct. 892, 898, 79 L. Ed. 2d 56 (1984) ....................................................................................... 10

*Piatt v. MacDougall*, 773 F. 2d 1032, 1034 (9th Cir. 1985) (en banc)............................ 10

*Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 237 (D.D.C. 2007)................................... 17

*Sawyer v. First City Financial Corp., Ltd.*, 124 Cal. App. 3d 390, 399, 177 Cal. Rptr. 398, 402-03 (1981)........................................................................................................ 9

*Seattle Box Co. v. Industrial Crating and Packing, Inc.* 756 F.2d. 1574 (Fed. Cir.1985) 16

*Stebbins v. Nationwide Mutual Ins. Co.*, 528 F.2d 934 (4th Cir. 1975)............................ 10

*Thompson v. Modesto City High School District*, 19 Cal. 3d 620, 623-24, 139 Cal. Rptr. 603, 605, 566 P.2d 237, 239 (1977)........................................................................... 13

## Regulations

C.F.R. 1.103 ...................................................................................................................... 6

## Statutes

42 U.S.C. 1983.................................................................................................................. 8

Securities Act of 1934....................................................................................................... 6

U.S.C. Title 35 .......................................................................................................... 13, 16

**Treatises**

C. Wright, Law of Federal Courts Sec. 100A, at 680-81 (1983) ........................................ 9

Restatement (Second) of Conflict of Laws § 115, Comment a, Comment e (1971) .......... 9

Restatement (Second) of Judgments Sec. 20. ................................................................... 9

## I.     PRELIMINARY STATEMENT

**1.**     Defendant Raymond A. Joao ("Joao") at all times relevant to this complaint was Of Counsel to Meltzer, Lippe, Goldstein & Breitstone, LLP ("MLG"), and in concert with Defendant Kenneth Rubenstein ("Rubenstein") proceeded to sabotage the video scaling and image overly systems technologies of Iviewit Holdings, Inc. ("Iviewit") to protect and preserve MPEG LA LLC (hereinafter "MPEG"); Joao also proceeded to lift relevant future inventions from Iviewit's business plan and filed them in his own name. Rubenstein is a partner of Proskauer Rose, LLP ("Proskauer") who was one of the first recipients of disclosures of the Iviewit's technology while holding a cross conflict of interest position as counsel to MPEG, a beneficiary of Iviewit's technology.

**2.**     Additionally, Defendant Joao spins a lot of inaccurate statements surrounding the captioning of the instant action, going so far as to claim that "Lamont lacks standing to sue on behalf of Iviewit Holdings, Inc. - a third-party corporation.…[1]"

**3.**     Plaintiffs maintain that the caption clearly indicates that Lamont sues, individually, and as nominee of the <u>capital shares</u> of Iviewit, not Iviewit itself.

**4.**     Plaintiffs suffices to say that Iviewit is comprised of some eighty five prominent shareholders, where all eighty five have transferred their holdings to Lamont for purposes of the instant action where he acts as their nominee, and not on behalf of the shareholders themselves, but on <u>behalf of their shareholdings</u>.

**5.**     Finally, Plaintiffs remind the Court that <u>the United States Patent and Trademark Office ("USPTO") accepted as fact</u> that "intent to commit fraud is the listed reason" for patent application suspensions in various rulings from March 10, 2004 and continuing to

---

[1] See 1:111-00949-HHK Lamont, et al. v. Proskauer Rose, LLP, et al. Defendant Raymond A. Joao's Motion to Dismiss at 1-2.

April 19, 2004, where the USPTO states "The request for deferral/suspension of action under C.F.R. 1.103 has been approved," and other words to that effect[2].

## II.      OPPOSITION TO PLAINTIFF LACKS STANDING TO BRING A CLAIM ON BEHALF OF IVIEWIT HOLDINGS

**6.**      As stated above, Iviewit is comprised of some eighty five prominent shareholders, where all eighty five have transferred their holdings to Lamont for purposes of the instant action where he acts as their nominee, and not on behalf of the shareholders themselves, but on <u>behalf of their shareholdings</u>.

**7.**      The definition of "Nominee," in the spirit of Title 15, Chapter 2B, more commonly known as the Securities Act of 1934, is "A person or firm into whose name securities or other properties are transferred in order to facilitate transactions, while leaving the customer as the actual owner."

**8.**      Lastly, Plaintiffs remind the Court that <u>USPTO accepted as fact</u> that "intent to commit fraud is the listed reason" for patent application suspensions in various rulings from March 10, 2004 and continuing to April 19, 2004, where the USPTO states "The request for deferral/suspension of action under C.F.R. 1.103 has been approved," and other words to that effect[3].

## III.     OPPOSITION TO NO VALID CLAIM HAS BEEN BROUGHT UNDER 42 U.S.C.A. § 1983

### 1.  Opposition to the § 1983 Claims are Barred by *Res Judicata*

### A. Public Corruption Case

---

[2] 1:11-00949-HHK Lamont, et al. v. Proskauer Rose, LLP, et al., filed May 19, 2011 at par. 59.
[3] Ibid.

**9.**     As plainly stated in the Complaint, Plaintiffs filed an action in the United States District Court for the Southern District of New York, *Bernstein v. New York*, 591 F. Supp. 2d 448 (S.D.N.Y. 2008) ("*Public Corruption Case*").

**10.**     The District Court Judge marked the *Public Corruption Case* related to *Christine C. Anderson v. the State of New York, et al.*, (07CV9599 S.D.N.Y., October 26, 2007) ("*Anderson*") where such case involved claims of "white washing" of grievance complaints at the New York State Supreme Court Appellate Division First Department Departmental Disciplinary Committee ("1st DDC"), wrongful termination, retaliation, and discrimination; similarly, some six other cases were commenced with similar claims, in part, and, as such, were marked as related to *Anderson* by the District Court Judge.

**11.**     Plaintiff Lamont maintains that he was not an individual litigant in the *Public Corruption Case.*

**12.**     Plaintiff Lamont maintains that he acted on behalf of the shareholders of Iviewit Holdings, Inc. (hereinafter "Iviewit") and filed the original complaint, motions, oppositions, motions for reconsideration, appeals, and appellant briefs, solely as a party acting on the behalf of Iviewit shareholders.

**13.**     Plaintiff Lamont further maintains that he was not a party to the amended complaint in the *Public Corruption Case.*  Plaintiff Lamont neither drafted such pleading, made no comment on its contents, was not involved in the insertion of new defendants, and such pleading does not contain the original signature of P. Stephen Lamont; what it does contain, however, are a series of signatures that Plaintiff Lamont had supplied to Iviewit's founder, Eliot I. Bernstein (hereinafter "Bernstein"), who saw fit to affix such

signatures on the pleading in the *Public Corruption Case*, without Lamont's authorization.

**14.**     As noted in Defendant Joao's Motion to Dismiss[4], the District Court dismissed the *Public Corruption Case* on August 8, 2008 along with the six other cases to which it was related, with all claiming "white washing" of grievance complaints at the 1st DDC and New York's Commission on Judicial Conduct; Plaintiffs and/or Iviewit had no issues with the latter.

**15.**     On appeal since September 2008, the United States Court of Appeals for the Second Circuit dismissed the appeal on January 22, 2010[5].  What Defendant Joao fails to disclose to the Court is the patently absurd motion filed by Bernstein earlier that month demanding a series of forms of relief, which if not granted would subject the panel to the filing of criminal complaints by Bernstein. The motion was never docketed, but the Court noted that "Appellant Bernstein, pro se, move (sic) to compel the appointment of counsel and for extensive relief.[6]"

**16.**     Accordingly, where Defendant Joao attempts to liken the instant action, claims of violations of 42 U.S.C. 1983 and supplementary claims, among others, of, fraud and conspiracy to commit fraud, under the claims of *res judicata* with the *Public Corruption Case*, where related to *Anderson* involving claims of "white washing" of grievance complaints at the 1st DDC, wrongful termination, retaliation, and discrimination, such argument is absurd and must fail.

---

[4] See 1:111-00949-HHK Lamont, et al. v. Proskauer Rose, LLP, et al. Defendant Raymond A. Joao's Motion to Dismiss at 1.
[5] See 1:11-00949-HHK Lamont, et al. v. Proskauer Rose, LLP, et al., filed May 19, 2011 at par. 72.
[6] See *Bernstein et al v. Appellate Division First Department Departmental Disciplinary Committee et al. (CA2, 0-4873-cv)* Mandate of USCA

**17.**     In *Greenfield v. Mather*, 32 Cal.2d 23, 35, 194 P.2d 1, 8 (1948), the California court stated that in some cases the doctrine of *res judicata* "will not be applied so rigidly as to defeat the ends of justice or important considerations of policy." (See also *Jackson v. Jackson*, 253 Cal. App. 2d 1026, 62 Cal. Rptr. 121 (1967), *Hight v. Hight* 67 Cal. App. 3d 498, 136 Cal. Rptr. 685 (1977), *Sawyer v. First City Financial Corp., Ltd*., 124 Cal. App. 3d 390, 399, 177 Cal. Rptr. 398, 402-03 (1981) where the question is whether…federal litigation involves the same "cause of action," conceived of as the remedial right for the violation of one "primary right…" a "primary right" is best defined as the "right to be free from the particular unlawful conduct," and *Colvig v. RKO General, Inc.*, 232 Cal. App. 2d 56, 42 Cal. Rptr. 473, 485 (1965) where "other facts or conditions intervene, forming a new basis for a claim, the issues are no longer the same and *res judicata* does not apply.")

**18.**     In the literature, see Restatement (Second) of Conflict of Laws § 115, Comment a, Comment e (1971) that states in keeping with the general American rule favoring equitable relief from *res judicata* in cases in which "a party was deprived of an opportunity adequately to present his claim or defense," (such as the lack of a discovery phase in the *Public Corruption Case*) C. Wright, Law of Federal Courts Sec. 100A, at 680-81 (1983) where it is stated that and "[a]lthough it is commonly said that a judgment has preclusive effect only if it is 'on the merits,' an opportunity to reach the merits is sufficient to invoke a preclusive effect," (no opportunity to reach the merits in the *Public Corruption Case*) and Restatement (Second) of Judgments Sec. 20 where the exceptions to the claim preclusion rule are stated as: three factors must be present: (1) an identity between the parties or their privies in the prior and present suits; (2) an identity between

the claims or causes of action in the two suits; and, (3) a final judgment on the merits in a court of competent jurisdiction. In the instant action, as the Court shall see below, only the first factor, in part, is at issue.

**19.**      In the Federal forum, see *Donald Gilbert Clark, Plaintiff-Appellant, v. Yosemite Community College District, et al.* 785 F. 2d 781("*Clark*") that states "Consequently, the doctrine of *res judicata* does not preclude Clark from maintaining his section 1983 action with regard to events and conduct which have occurred since the date of the state court judgment," (See also *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 84, 104 S. Ct. 892, 898, 79 L. Ed. 2d 56 (1984), *Allen v. McCurry*, 449 U.S. 90, 97-98, 101 S. Ct. 411, 416-417, 66 L. Ed. 2d 308 (1980), and *Piatt v. MacDougall*, 773 F. 2d 1032, 1034 (9th Cir. 1985) (en banc)). Additionally, *Stebbins v. Nationwide Mutual Ins. Co.*, 528 F.2d 934 (4th Cir. 1975), found that a dismissal for failure to comply with the statutory time limit for bringing a… suit did not represent an adjudication "on the merits" for *res judicata* purposes (<u>PRECISELY ONE OF THE CIRCUMSTANCES OF THE INSTANT ACTION</u>).

## B.  Proceedings in Public Corruption Case.

**20.**      Subsequently, in the *Public Corruption Case*, the only individual plaintiff, Bernstein, filed an amended complaint on May 9, 2008, inserting, numerous new defendants in general, and IBM Corporation and Intel Corporation in particular (alleging breach of contracts).

**21.**      Unfortunately, and even if the Defendant Joao's *res judicata* claims are persuasive as to Plaintiff Lamont, in her 2008 Financial Disclosure Forms, the District Court Judge, Hon. Shira A. Scheindlin, presiding over the proceedings, was a shareholder

in IBM Corporation and Intel Corporation, <u>defendants</u> in Bernstein's amended complaint, and failed to remove herself.  Notwithstanding her sale of Intel Corporation on May 5, 2008, information from a Vice President of Settlements at a major bank indicates that Judge Scheindlin was still a constructive owner of shares of Intel Corporation, and as a shareholder of record on May 9, 2008 entitled to a <u>cash payment of Intel dividends</u> on its next quarterly payment date; Judge Scheindlin remained a shareholder of defendant IBM Corporation throughout the remainder of 2008, and up until December 23, 2008, and thus was such a holder at the time of the dismissal of the complaint in the Opinion and Order of August 8, 2008, and entitled to a <u>cash payment of IBM dividends</u> on the ensuing quarterly payments dates.

22.     On appeal, and even if the Defendant Joao's *res judicata* claims are persuasive as to Plaintiff Lamont, Richard C. Wesley, Circuit Court Judge for the United States Court of Appeals for the Second Circuit as a retired judge for the New York State Court of Appeals, sat on the panel in *Bernstein*, where according to his Financial Disclosure Forms, factually, <u>receives a pension</u> from the State of New York, a <u>Defendant-Appellee</u> in the *Public Corruption Case*.

23.     Accordingly, where a District Court Judge is the constructive owner of shareholdings in Defendants in a case in which she is presiding, and failed to remove herself, <u>there is no *res judicata*</u>.

24.     Similarly, where a Circuit Court Judge receives a pension from a Defendant-Appellee in a case in which he is presiding, and failed to remove himself, <u>there is no *res judicata*</u>.

**25.**     Accordingly, and even if the Defendant Joao's *res judicata* claims are persuasive as to Plaintiff Lamont, where Defendant Joao attempts to liken the instant action, claims of violations of 42 U.S.C. 1983 and supplementary claims, among others, of fraud and conspiracy to commit fraud, to the *Public Corruption Case* under the claims of *res judicata*, and where a District Court Judge and a Circuit Court Judge receive cash entitlements (dividends) from Defendants and Defendants-Appellees in a case in which they are presiding over and fail to remove themselves, such argument must fail.

**26.**     Lastly, Plaintiffs remind the Court that <u>USPTO accepted as fact</u> that "intent to commit fraud is the listed reason" for patent application suspensions in various rulings from March 10, 2004 and continuing to April 19, 2004, where the USPTO states "The request for deferral/suspension of action under C.F.R. 1.103 has been approved," and other words to that effect[7].

**2.      Opposition to Plaintiff Cannot State a Claim Under § 1983**

## A. Federal and Constitutional Rights Violated by Defendant Joao

**27.** As codified, 42 U.S.C. § 1983 states:

> <u>Every person</u> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, <u>or causes to be subjected, any citizen</u> of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…(emphasis supplied).

---

[7] 1:11-00949-HHK Lamont, et al. v. Proskauer Rose, LLP, et al., filed May 19, 2011 at par. 59.

28.     As stated in the Complaint ¶¶ 38-39, Defendant Joao, during the spring and summer of 1999, in Boca Raton, Fla. and Mineola, N.Y., was busy filing provisional patent applications for Iviewit, but it is alleged that Defendant Joao intentionally switched signature pages and filed applications that were not authorized by the Inventors. Plaintiffs alleges that Defendant Joao intentionally filed poorly drafted applications that failed to adequately describe the body of the invention, knowing full well that provisions of U.S.C. Title 35, more commonly known as the Patent Act ("Patent Act"), would block Iviewit from adding new, correct subject matter in future patent prosecution.

29.     Plaintiffs maintain that the actions of Joao fit squarely within the statute where, conducting such actions, Defendant Joao thus "depriv[es] any rights, privileges, or immunities secured by the Constitution" as to Plaintiffs.

30.     In *Clark,* the Second Circuit stated, after defendants argued that Clark fails to state a claim upon which relief can be granted, "To establish a *prima facie* case under section 1983, 42 U.S.C. Sec. 1983, Clark must allege that the [defendants] acted in some way to deprive him of a constitutionally or federally protected right. (See also, *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S.Ct. 2502, 2504, 65 L.Ed.2d 555 (1980), *Thompson v. Modesto City High School District*, 19 Cal. 3d 620, 623-24, 139 Cal. Rptr. 603, 605, 566 P.2d 237, 239 (1977), and *Malynn v. Morgan Hill Unified School District*, 137 Cal. App. 3d 785, 786-89, 187 Cal. Rptr. 303, 305 (1982).

31.     Where the actions of the Defendant Joao in committing, along with his accomplices, the patent fraud, Plaintiffs are prevented from making and enforcing contracts, to sue [regarding the infringement of the issued patents], be parties, and to

giving evidence pertaining to such patent infringement, precisely the factor the Second Circuit cited in *Clark.*

**32.**     Finally, Plaintiffs remind the Court that the USPTO accepted as fact that "intent to commit fraud is the listed reason" for patent application suspensions in various rulings from March 10, 2004 and continuing to April 19, 2004, where the USPTO states "The request for deferral/suspension of action under C.F.R. 1.103 has been approved," and other words to that effect[8].

**3.     Opposition to Section 1983 Claim is Time-Barred**

## A.     Defendant Kenneth Rubenstein's Backward Pass to Defendant Joao

**33.**     Where from the inception of the instant action when technology disclosures were first made to Defendant Rubenstein, and in a taped recorded teleconference, Rubenstein could be heard stating (about the disclosures) "I missed that," "I never thought of that," and following along "this changes everything."

**34.**     What it "changes," may it please this Court, is what Defendant Rubenstein had done in plying his trade when forming the MPEG patent pool since the middle part of the 1990's, where Plaintiffs' video techniques with their far superior value propositions, would have rendered the MPEG patent pool as a clinking, clanking, calamity of some now 800 or more patents.

**35.**     Proceeding along, and during the same period of time, Defendant Rubenstein formed an intellectual property department at a new employer (Proskauer) with, upon information and belief, several patent prosecution attorneys from Meltzer, Lippe, Goldstein & Breitstone, LLP (Defendant Joao's soon to be employer at the time) and

---

[8] Ibid.

when taking into account his prior statements of  "I missed that," "I never thought of that," and "this changes everything," Defendant Rubenstein <u>referred the work back</u> to his former firm under the responsibility of Defendant Joao rather than kick starting, along with other clients he presumably brought along, his new department at Proskauer.

**36.**     Upon information and belief, Plaintiffs allege that this action by Defendant Rubenstein was tantamount to having it better to "bury bodies" in your neighbor's back yard rather than your own.

## B.     Linked Continuous Chain of Events.

**37.**     Fast forwarding through the fraudulent patent applications filed by Defendant Joao, the fraudulent patent applications filed by the Foley Defendants, and the actionable, under 42 U.S.C. 1983, methods of the State Defendants, where the State Defendants find themselves making dispositions and ruling on motions while they are Defendants-Appellees in the *Public Corruption Case.*

**38.**     As such, Plaintiffs in the instant action have filed their Complaint within the three year statute of limitations, May 19, 2011 versus Defendant Gold's disposition on January 27, 2009 and Defendants' Andrias and Saxe ruling on May 13, 2009.

**39.**     Figuratively, it can be seen as Rubenstein to Joao to the Foley Defendants to the State Defendants that constitute a linked, continuous chain of events of violations of 42 U.S.C. §1983 and supplementary claims to protect the politically connected franchise of the Proskauer Defendants, its reckless member Defendant Rubenstein, and, among others, his accomplice Defendant Joao to preserve and protect a profitable client, MPEG (see Complaint ¶ 76).

**40.**     Why? Plaintiffs emphasize, may it please the Court, that the inventions are "disruptive technologies" (See Complaint ¶ 5 for a description of the technologies) where a "disruptive technology…" is an innovation that helps create a new market and value network (Iviewit), and eventually goes on to disrupt an existing market and value network…displacing an earlier technology there (Defendant Rubenstein's MPEG)[9].

## C.    The Public Interest

**41.**     As a matter of law, the public interest is a defense against certain lawsuits as well as an exemption from certain laws or regulations (in this instance, statues of limitations).

**42.**     The public interest acts as an exception to the statues of limitations, especially in cases alleging conspiracy (in the instant action, conspiracy to commit patent fraud), wherein the statute should not run until enough evidence has been ascertained that the actions of the defendants have become sufficiently evident.

**43.**     Otherwise, such running of the statute of limitations would be contrary to the public interest and aggrieved parties will not be given their day in court, and where offenders can hide behind the statute of limitations and contain their conspiratorial activities until the statute of limitations has run.

**44.**     Accordingly, the motives of the Defendant Rubenstein, Defendant Joao, the Foley Defendants, and the New York State Defendants acting as a block to the technologies can be best described in *Seattle Box Co. v. Industrial Crating and Packing, Inc.* 756 F.2d. 1574 (Fed. Cir.1985) ("*Seattle Box*") where the court stated, "The underlying rationale…is that the public has the right to use what the patentee does not specifically claim in her original patent.  Although recapture through a reissue patent of what the

---

[9] See Bower, Joseph L. & Christensen, Clayton M. (1995). *Disruptive Technologies: Catching the Wave* Harvard Business Review, January–February 1995

patentee dedicates to the public by omission is permissible under specific conditions, it is not permissible at the expense of innocent parties."

**45.**     *Seattle Box,* therefore, supports the claims that provisions of the Patent Act would block Iviewit from adding new, correct subject matter in future patent prosecution.

**46.**     Most importantly, Plaintiffs maintain that in a review of published evidence and corporate case studies exploring the evidence linking innovation, intellectual property, competitiveness, and economic growth, all are increased by an "honest" patent system free from the actions of an individual such as Defendant Joao.

## IV.    OPPOSITION TO CLAIMS OF FRAUD AND CONSPIRACY TO COMMIT FRAUD CANNOT STAND

**47.**     For all the reasons stated in Section III. Opposition to No Valid Claim Has Been Brought Under 42 U.S.C.A. § 1983, the supplementary claims of Plaintiffs are properly before this Court.

**48.**     Finally, Plaintiffs remind the Court that the <u>USPTO accepted as fact</u> that "intent to commit fraud is the listed reason" for patent application suspensions in various rulings from March 10, 2004 and continuing to April 19, 2004, where the USPTO states "The request for deferral/suspension of action under C.F.R. 1.103 has been approved," and other words to that effect[10].

### 1.   Opposition to Plaintiff's Claims are Time-Barred and Claims Fail Under Rule 9(b)

**49.**     For all the reasons stated in Section III. 3. Opposition to Section 1983 Claim is Time-Barred, Plaintiffs have satisfied the three year statute of limitations and its claims are properly before this Court.

---

[10] Ibid at par. 59.

**50.**    In the instant action, Plaintiffs filed the Complaint where in paragraphs 32 to 79, contains allegations of the essential elements of fraud and conspiracy to commit fraud with specificity.  The circumstances of fraud are detailed with particularity, specifically the time, place and content of the misrepresentations. In *Richards v. Duke Univ*., 480 F. Supp. 2d 222, 237 (D.D.C. 2007) ("*Richards*") the court stated ("[A] plaintiff must make a prima facie showing of (1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with intent to deceive, and (5) action taken by [plaintiff] in reliance upon [that] representation, (6) which consequently resulted in provable damages.").

**51.**    Following *Richards,* Plaintiffs state:

a.    a false representation: See Complaint ¶¶ 33, 34, 35, 38, 39, 40, 42, 43, 44, 55, 58, 62, 76, among others;

b.    reference to a material fact: See Complaint ¶¶ 33, 34, 35, 36, 38, 40, 42, 44, 45, 55, 58, 59, 76, among others;

c.    made with knowledge of its falsity: See Complaint ¶¶ 33, 34, 35, 38, 39, 40, 41, 55, among others;

d.    with intent to deceive: See Complaint ¶¶ 33, 34, 35, 38, 39, 40, 41, 55, among others;

e.    action taken by [plaintiff] in reliance upon [that] representation: See Complaint ¶¶ 37, 47, among others[11];

---

[11] Plaintiff states that in addition to Time Warner, Inc. ("TW"), confidentiality agreements were executed with approximately 499 other potential customers.  Plaintiff's discussions with, including Warner Bros. (a unit of TW), Thomson S.A., Intel Corporation, and Cisco Systems, Inc. were all stalled due to the patent fraud.

f. which consequently resulted in provable damages: See Complaint ¶ 79, among others.

**52.**     Finally, Plaintiffs remind the Court that <u>the USPTO accepted as fact</u> that "intent to commit fraud is the listed reason" for patent application suspensions in various rulings from March 10, 2004 and continuing to April 19, 2004, where the USPTO states "The request for deferral/suspension of action under C.F.R. 1.103 has been approved," and other words to that effect[12].

## V.     <u>CONCLUSION</u>

**53.**     For the foregoing reasons, Plaintiffs respectfully request this Court to issue an order denying the Motion to Dismiss the Complaint by Raymond A. Joao, issue a Scheduling Order for discovery in the instant action, and granting such other and further relief as the Court deems appropriate.

<u>For Plaintiff</u>

P. Stephen Lamont, Pro Se
35 Locust Avenue
Rye, N.Y. 10580
Tel.: (914) 217-0038
Email: p.stephen.lamont@gmail.com


By:    /s/ P. Stephen Lamont
P. Stephen Lamont

---

[12] Ibid at par. 59.

**Copies To:**

Gregg M. Mashberg (via CM/ECF)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
212.969.3450
212.969.2900 (fax)
gmashberg@proskauer.com

James F. Segroves (via CM/ECF)
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
202.416.6800
202.416.6899 (fax)
jsegroves@proskauer.com
Counsel for Defendants Proskauer Rose
LLP, Kenneth Rubenstein, Christopher C.
Wheeler, and the late Steven C. Krane

Paul R. Monsees (via CM/ECF)
FOLEY & LARDNER LLP
3000 K Street, NW
Suite 600
Washington, DC 20007-5109
202.672.5342
202.672.5399 (fax)
pmonsees@foley.com
Counsel for Defendant
Foley & Lardner LLP

Monica A. Connell (via CM/ECF)
OFFICE OF THE ATTORNEY GENERAL
120 Broadway, 24th Floor
New York, NY 10271
212.416.8965
monica.connell@ag.ny.gov
Counsel for Defendants State of New York,
Thomas J. Cahill, Martin R. Gold, Hon.
Richard T. Andrias, Hon. David B. Saxe,
Lawrence DiGiovanna, Diana Maxfield
Kearse, and James E. Pelzer

Jared R. Butcher (via CM/ECF)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202.429.1302
202.429.3902 (fax)
jbutcher@steptoe.com
Counsel for Defendant
Time Warner, Inc.

Kent K. Anker (admission pending)
(via email)
Amy K. Penn (via CM/ECF)
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
7 Times Square
New York, NY 10036-6516
212.833.1100
212.833.1250 (fax)
kanker@fklaw.com
apenn@fklaw.com
Attorneys for Defendants Foley &
Lardner LLP, William J. Dick, Douglas A.
Boehm, and Steven C. Becker

Richard M. Howard (via email)
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501
516.747.0300
516.747-0653 (fax)
rhoward@meltzerlippe.com
Attorney for Meltzer, Lippe, Goldstein & Breitstone, LLP

Lewis S. Meltzer, Pro Se (via email)
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501
516.747.0300
516.747-0653 (fax)
lmeltzer@meltzerlippe.com

RAYMOND A. JOAO (via email)
122 Bellevue Place
Yonkers, NY 10703

**Defendants Who Have Not Yet Appeared:**

BRIAN G. UTLEY
9541 Virginia Avenue S.
Bloomington, MN 55438

MICHAEL A. REALE
5304 Ventura Drive
Delray Beach, FL 33484

RAYMOND T. HIRSCH
6212 Mershon Street # A,
Philadelphia, PA 19149

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**P. STEPHEN LAMONT individually, AND AS
NOMINEE FOR 100% OF THE CAPITAL SHARES
OF IVIEWIT HOLDINGS, INC.,**

**Plaintiff,**

**-v-**

**PROSKAUER ROSE LLP, et al.**


Defendants

**DOCKET NO:
11-CV-00949 (HHK)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## <u>ORDER</u>

With the Court having considered the Motion to Dismiss by Raymond A. Joao and the

Court having considered Plaintiffs' Opposition to Defendants' Motion, it is hereby

**ORDERED** that the motion by the defendant is **DENIED**.

**SO ORDERED** this __ Day of ___, 2011.

_____

By: Henry H. Kennedy, Jr.
United States District Judge