## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **P. STEPHEN LAMONT individually, AND AS NOMINEE FOR 100% OF THE CAPITAL SHARES OF IVIEWIT HOLDINGS, INC.,**<br><br>**Plaintiff,**<br><br>**-v-**<br><br>**PROSKAUER ROSE LLP, et al.**<br>**Defendants.** | **Civil Action No.**<br>**11-CV-00949 (BJR)** |

## JOINT STATUS REPORT

Plaintiff *pro se* and the undersigned counsel for defendants respectfully submit this status report as directed by the Court in its April 4, 2012 Order for Joint Status Report and state as follows[1]:

1.      On July 29, 2011, Judge Kennedy issued an amended order (DKT No. 24), staying the case pending plaintiff's payment of the filing fee in this case plus an additional charge (the "Stay Order").

        a.   Plaintiff states that he has complied with the terms of the Stay Order and the Stay Order should be vacated.  Plaintiff represents that in August 2011, and again on April 13, 2012, plaintiff received assurance from the District Court Finance Department that the entire filing fee plus finance charge in the amount of $395 was paid and docketed.  (See the August 17, 2011 entry, no docket number).  *See, infra*, ¶5.

---

[1] Plaintiff objects to the inclusion of those provisions of this report that are in italics.  He contends that it is outside the scope of the Court's April 4 Order.  Defendants contend that such matters are appropriately included in this report.

2.    Settlement Discussions:

There are no settlement discussions.

3.    Pending Motions:

    a.  By Plaintiff:

        i.  DKT No. 12. Emergency Motion to Disqualify the Representative Capacity of the New York State Attorney General (filed July 5, 2011). On July 13, 2012 (DKT No. 15), the State Defendants opposed the motion to disqualify;

        ii.  DKT No. 18. Motion for Order for United States Marshall Service to Serve Summons and Complaint (filed July 18, 2011);

        iii.  DKT No. 36. Motion for U.S. Marshall to serve two Defendants and Sanctions on the Office of the New York State Attorney General's Office (filed August 15, 2011).

    b.  By Defendants:

        i.  DKT No. 11. Motion to Dismiss by N.Y. State Defendants[2] (filed June 29, 2011) (plaintiff's answering brief filed July 18, 2011; reply brief not filed because of intervening Stay Order).

        ii.  DKT No. 21. Motion to Dismiss by the Proskauer Defendants[3] (filed July 19, 2011) (plaintiff's answering brief filed August 9,

---

[2]  "The NY State Defendants" include, defendants State of New York, Thomas J. Cahill, Martin R. Gold, Hon. Richard T. Andrias, Hon. David B. Saxe, Lawrence DiGiovanna, Diana Maxfield Kearse, and James E. Pelzer.

2012 (DKT No. 32); reply brief not filed because of intervening Stay Order).

   iii.  DKT No. 31. Motion to Dismiss by Raymond A. Joao (filed August 3, 2011) (plaintiff's answering brief filed August 15, 2011 (DKT No 35); reply brief not filed because of intervening Stay Order).

   iv.  DKT No. 33. Motion for Order Clarifying Effect of Stay by Proskauer Defendants (filed August 10, 2010) (plaintiff's reply filed August 10, 2011 (DKT No. 34)). (Proskauer Defendants hereby withdraw the motion.)

4.    <u>Any Scheduled or Proposed Deadlines</u>:

   a.  As noted above (3.a.2.), plaintiff has filed Emergency Motion to Disqualify the Representative Capacity of the New York State Attorney General. On July 13, 2011, the State Defendants filed an opposition to the motion to disqualify (DKT No. 15). It is proposed that if Plaintiff wishes to file reply papers, he do so within 10 days from the date that the Stay Order is vacated. Otherwise, that motion may be deemed fully briefed and submitted.

   b.  As noted, the N.Y. State Defendants, the Proskauer Defendants and defendant Raymond Joao filed motions to dismiss and plaintiff has filed

---

[3] "The Proskauer Defendants" include defendants Proskauer Rose LLP, Steven C. Krane, Kenneth Rubenstein, and Christopher C. Wheeler.

answering papers. It is proposed that these moving defendants have [14 days] (defendants' proposal) [7 days] (plaintiff's proposal) from the date that the Stay Order is vacated in order to file reply papers, at which point these motions will be fully briefed.

c.   The other defendants who have appeared in this action also intended to file motions to dismiss, but were prevented from doing so by the Stay Order[4]. It is proposed that these defendants have [21 days] (defendants' proposal) [14 days] (plaintiff's proposal) from the date that the Stay Order is vacated in order to file their respective moving papers. Plaintiff would then have 21 days to file his answering papers.  These defendants would then have [14 days] (defendants' proposal) [7 days] (plaintiff's proposal) days to file their respective reply papers.  Plaintiff directs the Court to the fact that these Defendants had already been given a 30 day extension to file or answer after process service in June 2011.

d.   With respect to the timing of the disposition of the motions referred to in 3.a., b., and c.,

  i.   Defendants propose that the motions be decided simultaneously.

---

[4] These defendants include, (i) Foley & Lardner and William J. Dick, Douglas A. Boehm, and Steven C. Becker (the "Foley Defendants"); (ii) Meltzer, Lippe, Goldstein & Breitstone, LLP and Lewis S. Meltzer; and (iii) Time Warner Inc. *The Foley Defendants also intend to serve a Motion for Sanctions on Mr. Lamont pursuant to Fed. R. Civ. P. 11(c)(2).*

    *ii.* Plaintiff states that "the Court should issue separate opinions as the violations are separate and apart with differing sets of discovery; Defendant Time Warner's violations are supplemental to the main Cause of Action and Nature of the Suit."

e. *On July 19, 2011, the Proskauer Defendants served upon plaintiff a Motion for Sanctions Against P. Stephen Lamont Pursuant to Fed. R. Civ. P. 11. Pursuant to Rule 11(c)(2), the Proskauer Defendants did not immediately file the Rule 11 motion. Although the 21 day waiting period expired, the Stay Order had come into effect so it was not possible to file the Rule 11 motion. Plaintiff has represented that he will not withdraw the complaint. Accordingly, it is proposed that the Proskauer Defendants have 5 days to file the Rule 11 motion after the Stay Order is vacated.  Plaintiff would then have 21 days to file answering papers and Proskauer would have 10 days to file reply papers.*

f. *On or about August 15, 2011, Plaintiff filed a Motion for U.S. Marshall to serve two Defendants and Sanctions on the Office of the New York State Attorney General's Office (DKT No. 36).*

    *i. The State Defendants respectfully request that this motion be held in abeyance pending the resolution of their motion to dismiss. State Defendants assert objections to this Court's jurisdiction, as well as substantive arguments, on behalf of all named State Defendants in their motion to dismiss.  If the motion to dismiss is not granted and*

*the action fully dismissed as against the State Defendants, then the parties may agree upon a briefing schedule for this motion. Plaintiff does not consent to this proposed means of proceeding on this motion.*

ii.   *In the alternative, it is requested that the State Defendants have [21 days] (defendants' proposal) [14 days] (plaintiff's proposal) from the date that the stay order is vacated to file opposition to the motion.*

iii.   Plaintiff respectfully requests that the Court rule on this motion prior to hearing the State Defendants' motion to dismiss, where, for if not, the Court may risk ruling on the moving papers of a Defendants' counsel that should have been disqualified.

5.   <u>Other Matter</u>:

a.   If the Court determines to vacate the Stay Order, defendants have no objection.

   b.   The Proskauer Defendants withdraw DKT No. 33 (Motion for Order

        Clarifying Effect of Stay).

April 17, 2012

Respectfully submitted,

**For Defendants:**                              **For Plaintiff:**

PROSKAUER ROSE LLP                       P.STEPHEN LAMONT, *pro se*

/s/ Gregg M. Mashberg                        /s/ P. Stephen Lamont
Eleven Times Square                          926 Boston Post Road
New York, NY 10036-8299                      Rye, N.Y. 10580
212.969.3450                                 Tel.: (914) 217-0038
212.969.2900 (fax)                           p.stephen.lamont@gmail.com
gmashberg@proskauer.com

/s/ James F. Segroves
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
202.416.6800
202.416.6899 (fax)
jsegroves@proskauer.com

*Attorneys pro se for Defendants*
*Proskauer Rose LLP, and attorneys*
*for Kenneth Rubenstein, Christopher C. Wheeler,*
*and Steven C. Krane (deceased)*


*Con't...*

JOINT STATUS REPORT                    7

FRIEDMAN KAPLAN SEILER &
ADELMAN LLP

By: /s/ Kent K. Anker
7 Times Square
New York, NY 10036-6516
212.833.1100
212.833.1250 (fax)
kanker@fklaw.com

*Attorneys for Defendants Foley &
Lardner LLP, William J. Dick,
Douglas A. Boehm, and Steven C. Becker*

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL
OF THE STATE OF NEW YORK

By: /s/ Monica A. Connell
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271
212.416.8965
monica.connell@ag.ny.gov

*Attorney for Defendants State of New York, Thomas J. Cahill,
Martin R. Gold, Hon. Richard T. Andrias, Hon. David B. Saxe,
Lawrence DiGiovanna, Diana Maxfield Kearse, and James E.
Pelzer*

STEPTOE & JOHNSON LLP

By: /s/ Jared R. Butcher
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202.429.1302
202.429.3902 (fax)
jbutcher@steptoe.com

*Attorneys for Defendant
Time Warner Inc.*

*Con't...*

MELTZER, LIPPE, GOLDSTEIN
& BREITSTONE, LLP

By: /s/ Richard M. Howard
190 Willis Avenue
Mineola, NY 11501
516.747.0300
516.747-0653 (fax)
rhoward@meltzerlippe.com

*Attorneys pro se for Defendants*
*Meltzer, Lippe, Goldstein &*
*Breitstone, LLP and*
*Attorneys for Lewis S. Meltzer*

RAYMOND A. JOAO, *pro se*

/s/ Raymond A. Joao
122 Bellevue Place
Yonkers, NY 10703

**Defendants Who Have Not Yet
Appeared:**

BRIAN G. UTLEY
9541 Virginia Avenue S.
Bloomington, MN 55438

MICHAEL A. REALE
5304 Ventura Drive
Delray Beach, FL 33484

RAYMOND T. HIRSCH
6212 Mershon Street # A,
Philadelphia, PA 19149