UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

P. STEPHEN LAMONT, individually, AND AS NOMINEE FOR 100% OF THE CAPITAL SHARES OF IVIEWIT HOLDINGS, INC.,

Plaintiff,

v.

PROSKAUER ROSE LLP, et al.

Defendants.

Civil Action No:
11-00949 (BJR)

REPLY

**REPLY: STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO DISQUALIFY THE REPRESENTATIVE CAPACITY OF THE NEW YORK STATE ATTORNEY GENERAL**

**INTRODUCTION**

1. As the "People's Lawyer," Plaintiff agrees that the Office of the Attorney General ("AG") of the State of New York serves as the guardian of the legal rights of the citizens of New York, its organizations, and its natural resources. Secondly, in its role as the State's chief legal counsel, the AG not only advises the Executive branch of State government, but also defends actions and proceedings on behalf of the State[1].

2. However, and to reiterate as a foundation as it relates to the instant action, this Court should not allow the AG to act on behalf of the <u>individual</u> New York State Defendants in light of the analysis *infra*.

**BASES OF REPLY**

3. The AG, in its Opposition to the Motion at hand, relies on:

   a. New York Executive Law § 63;

   b. Public Officers Law §17;

---

[1] URL http://www.ag.ny.gov/our_office.html, Office of the Attorney General.

    c. *Mathis v. State*, 140 Misc.2d 333, 339, 531 N.Y.S.2d 680, 684 (Sup. Ct. Albany Co. 1988); and

    d. *Zaccaro v. Parker*, 169 Misc.2d 266, 268, 645 N.Y.S.2d 985, 987 (Sup. Ct. Onandaga Co. 1996).

Therefore, and replying with a great deal of brevity in conservation of this Court's resources and to bring final clarity to this issue, Plaintiff states as follows:

4. New York Executive Law § 63

    a. Plaintiff agrees that the mandate to "Prosecute and defend…[2]" is within the purview of the AG, but continues to disagree that when such defense relates to <u>individuals</u> that are sued, such defense is NOT within the mandate to "defend" as it is NOT in "protect[ion] [of] the interest of the <u>state</u>[3]," (emphasis supplied) but, in the instant action, in the <u>personal</u> interests of Cahill, Gold, Kearse, DiGiovanna, and Peltzer.

    b. Plaintiff withdraws its opposition to the defense of the State of New York included in this action according to the doctrine of *respondeat superior*, but continues to respectfully request that this Court disqualify the AG in its representation of the individual State Defendants Thomas J. Cahill, Martin R. Gold, Diana Maxfield Kearse, Lawrence DiGiovanna, and James E. Peltzer, strike the Motion to Dismiss as to these individual State Defendants, and instruct such individual State Defendants to retain non-conflicted third party counsel and Answer the Complaint.

5. Public Officers Law §17

---

[2] NY Code Section 63, par 1.
[3] Ibid.

    a.  Plaintiff agrees that 1.(a) as used in Public Officers Law §17 "the term "employee" shall mean any person holding a position by election, appointment or employment in the service of the state.[4]" However, the section goes on to state that the benefit of representation "shall not include an <u>independent contractor</u>.[5]" (emphasis supplied). Where the AG's argument fails is:

        i.  As to Defendant Martin R. Gold, he is the Special Counsel to the New York State Supreme Court Appellate Division Department Departmental Disciplinary Committee at the same time as he is a Partner in SNR Denton and clearly an <u>independent contractor</u> falling outside the benefits of AG representation in either his official or individual capacity;

        ii.  Similarly, Defendant Lawrence DiGiovanna was Chairman of the New York State Grievance Committee of the New York State Supreme Court Appellate Division Second Department Departmental Disciplinary Committee at the same time as he was the principal attorney of his own firm, Law Offices of Lawrence F. DiGiovanna, and clearly an <u>independent contractor</u> falling outside the benefits of AG representation in either his official or individual capacity.

        iii.  As to Defendants Thomas J. Cahill, Diana Maxfield Kearse, and James E. Pelzer, Plaintiff relies on its argument in Section 4. a. above.

6.   *Mathis v. State* and *Zaccaro v. Parker*.

    a.  According to the analysis in paragraphs 4 and 5 above, the necessity to disqualify the representative capacity of the AG is incontrovertible in that:

---

[4] NY Code Section 17, N.Y. PBO. LAW § 17, 1. (a)
[5] Ibid.

      i. where such eligibility for defense is NOT within the mandate to "defend" as it is NOT in "[the] protect[ion] [of] the interest of the <u>state</u>[6]," (emphasis supplied) as in paragraph 4.a. above; and

      ii. benefit of representation "shall not include an <u>independent contractor</u>[7]," (emphasis supplied) as in paragraph 5.

Accordingly, Plaintiff need not address and drag the Court through an analysis of the cases the AG relies upon.

## CONCLUSION

**WHEREFORE,** for all the foregoing reasons, Plaintiff respectfully requests this Court to:

a. disqualify the AG from any representation of Thomas J, Cahill, Martin R. Gold, Diana Maxfield Kearse, Lawrence DiGiovanna, and James E. Peltzer, as a result of the plain meaning of New York Executive Law § 63 and Public Officers Law §17;

b. strike the Motion to Dismiss of Monica Connell, Assistant Attorney General, Litigation Bureau for the Office of the Attorney General, State of New York in representation of Cahill, Gold, Kearse, DiGiovanna, and Peltzer;

c. instruct Defendants Cahill, Gold, Kearse, DiGiovanna, and Peltzer to retain third party counsel and Answer the Complaint.

d. Where, as Motion practice concludes, issue an Order for the parties to begin settlement negotiations under the supervision of the Court;

e. Plaintiff withdraws its objection to AG representation for The State of New York, and

---

[6] Supra at 2.
[7] Supra at 4.

      f.   Such further relief as this Court deems appropriate.

Dated: May 21, 2012

                                          P.STEPHEN LAMONT, *pro se*

                                          /s/ P. Stephen Lamont
                                          926 Boston Post Road
                                          Rye, N.Y. 10580
                                          Tel.: (914) 217-0038
                                          p.stephen.lamont@gmail.com

**Copies To:**

Gregg M. Mashberg (via CM/ECF)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
212.969.3450
212.969.2900 (fax)
gmashberg@proskauer.com

James F. Segroves (via CM/ECF)
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
202.416.6800
202.416.6899 (fax)
jsegroves@proskauer.com

Counsel for Defendants Proskauer Rose LLP, Kenneth Rubenstein, Christopher C. Wheeler, and the late Steven C. Krane

Paul R. Monsees (via CM/ECF)
FOLEY & LARDNER LLP
3000 K Street, NW
Suite 600
Washington, DC 20007-5109
202.672.5342
202.672.5399 (fax)
pmonsees@foley.com

Counsel for Defendant Foley & Lardner LLP

Monica A. Connell (via CM/ECF)
OFFICE OF THE ATTORNEY GENERAL
120 Broadway, 24th Floor
New York, NY 10271
212.416.8965
monica.connell@ag.ny.gov

Counsel for Defendants State of New York, Thomas J. Cahill, Martin R. Gold, Hon. Richard T. Andrias, Hon. David B. Saxe, Lawrence DiGiovanna, Diana Maxfield Kearse, and James E. Pelzer

Jared R. Butcher (via CM/ECF)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202.429.1302

202.429.3902 (fax)
jbutcher@steptoe.com

Counsel for Defendant Time Warner Inc.

Kent K. Anker (via CM/ECF)
Amy K. Penn (via CM/ECF)
FRIEDMAN KAPLAN SEILER & ADELMAN LLP
7 Times Square
New York, NY 10036-6516
212.833.1100
212.833.1250 (fax)
kanker@fklaw.com
apenn@fklaw.com

Attorneys for Defendants Foley & Lardner LLP, William J. Dick, Douglas A. Boehm, and Steven C. Becker

Richard M. Howard (via email)
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501
516.747.0300
516.747-0653 (fax)
rhoward@meltzerlippe.com

Attorney for Meltzer, Lippe, Goldstein & Breitstone, LLP

Lewis S. Meltzer, *pro se* (via email)
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501
516.747.0300
516.747-0653 (fax)
lmeltzer@meltzerlippe.com

RAYMOND A. JOAO, *pro se* (via email)
122 Bellevue Place
Yonkers, NY 10703

**Defendants Who Have Not Yet Appeared:**

BRIAN G. UTLEY
9541 Virginia Avenue S.
Bloomington, MN 55438

MICHAEL A. REALE
5304 Ventura Drive
Delray Beach, FL 33484

RAYMOND T. HIRSCH
6212 Mershon Street # A,
Philadelphia, PA 19149

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| P. STEPHEN LAMONT, individually, AND AS NOMINEE FOR 100% OF THE CAPITAL SHARES OF IVIEWIT HOLDINGS, INC., <br><br>**Plaintiff,** <br><br>v. <br><br>**PROSKAUER ROSE LLP, et al.** <br><br>**Defendants.** | Civil Action No: <br> 11-00949 (BJR) <br><br> ORDER |

**ORDER**

This matter is before the Court on Plaintiff's Emergency Motion to Disqualify the Representative Capacity of the New York State Attorney General, where on May 21, 2012, Plaintiff, P. STEPHEN LAMONT, individually AND AS NOMINEE FOR 100% OF THE CAPITAL SHARES OF IVIEWIT HOLDINGS, INC., replied to this Court to disqualify the counsel of Thomas J. Cahill, Martin R. Gold, Diana Maxfield Kearse, Lawrence DiGiovanna, and James E. Peltzer, strike the Motion to Dismiss of Monica Connell, Assistant Attorney General, Litigation Bureau for the Office of the Attorney General, State of New York for the individual State Defendants on grounds that the representation in their official and individual capacities by the New York State Attorney General does not comply with New York Executive Law § 63 and Public Officers Law §17.

Plaintiffs cite their analysis of:

1. New York Executive Law § 63 where they state:

    a. where such eligibility for defense is not within the mandate to "defend" as it is not in "[the] protect[ion] [of] the interest of the <u>state</u>;" (emphasis supplied) and

2. Public Officers Law §17 where they state:

   a. benefit of representation "shall not include an <u>independent contractor</u> ," (emphasis supplied).

Accordingly, it is hereby **ORDERED** that Plaintiffs' Emergency Motion to Disqualify the Representative Capacity of the New York State Attorney General is **GRANTED** as to Defendants Thomas J. Cahill, Martin R. Gold, Diana Maxfield Kearse, Lawrence DiGiovanna, and James E. Peltzer, and **DENIED** as to the State of New York as moot (objection since withdrawn). It is **FURTHER ORDERED** that the Motion to Dismiss of Monica Connell for Defendants Cahill, Gold, Kearse, DiGiovanna, and Peltzer is **STRICKEN**, and it is **FURTHER ORDERED** that Defendants Cahill, Gold, Kearse, DiGiovanna, and Peltzer are to retain third party counsel and Answer within twenty one (21) days. It is **FURTHER ORDERED** that, as Motion practice concludes, the parties to begin settlement negotiations under the supervision of the Court.

**SO ORDERED.**

**Signed: Barbara J. Rothstein**
**United States Senior Judge**

DATED: _____, 2012