**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

P. STEPHEN LAMONT, individually and as
Nominee for 100% of the Capital Shares of
Iviewit Holdings, Inc.,

               Plaintiff,

    v.                                       Civil Action No. 11-949 (HHK)

PROSKAUER ROSE LLP, *et al.*,

               Defendants.

## PROSKAUER DEFENDANTS' MOTION FOR SANCTIONS

Defendants Proskauer Rose LLP, Kenneth Rubenstein, Christopher C. Wheeler, and the late Stephen C. Krane (collectively, the "Proskauer Defendants") respectfully move this Court for an order, pursuant to Rule 11 of the Federal Rules of Civil Procedure, imposing sanctions, both monetary and injunctive, against Plaintiff P. Stephen Lamont ("Lamont") on account of his having filed this objectively baseless action predicated on claims and legal contentions unwarranted by existing law or lacking an evidentiary basis, and asserted in derogation of the holdings of the United States District Court for the Southern District of New York and the United States Court of Appeals for the Second Circuit in the substantively identical action filed by Lamont against the Proskauer Defendants and countless others. *See Bernstein v. New York*, 591 F. Supp. 2d 448 (S.D.N.Y. 2008), *motion for reconsideration denied*, No. 07 Civ. 11196 (SAS) (S.D.N.Y. Aug. 19, 2008), *appeal dismissed sub nom. Bernstein v. App. Div. 1st Dep't Departmental Disciplinary Comm.*, No. 08-4873-cv (2d Cir. Jan. 5, 2010), *motion to reopen denied*, No. 07 Civ. 11196 (SAS), 2010 U.S. Dist. LEXIS 132830 (S.D.N.Y. Dec. 15, 2010), *appeal dismissed*, No. 10-5303-cv (2d Cir. Apr. 14, 2011) (collectively, "*Lamont I*").

As set forth more fully in the Memorandum of Points and Authorities in Support of the Proskauer Defendants' Motion for Sanctions, dated July 19, 2011, as well as the Memorandum of Points and Authorities in Support of the Proskauer Defendants' Motion to Dismiss, also dated July 19, 2011, in connection with dismissing this action under Rules 12(b)(1) and 12(b)(6), Rule 11 sanctions should be imposed against Lamont because the same and only federal claim he asserts in this action, 42 U.S.C. § 1983, was dismissed on multiple grounds, on the merits and with prejudice in *Lamont I* as against the Proskauer Defendants and is now barred from being re-litigated in this Court under the doctrine of *res judicata* (and otherwise fails to state a claim). Additionally, based upon the rulings in *Lamont I*, which are binding on Lamont here under the doctrine of collateral estoppel, there was no good-faith basis to assert the common-law claims in this action which, based upon the findings in *Lamont I*, are time-barred.  The common-law counts also fail to state a claim.

The supporting declaration of Gregg M. Mashberg is attached as Exhibit 1.  A proposed order granting the relief requested herein is attached as Exhibit 2.  Pursuant to Rule 11(c)(2), the Proskauer Defendants will refrain from filing this motion and its supporting exhibits with the Court if Lamont withdraws or appropriately corrects his Complaint within twenty-one days of having been served with this motion.  If Lamont has neither withdrawn nor corrected his Complaint within that time period, his failure to do so will satisfy the consultation requirement of Local Civil Rule 7(m).

Dated: July 19, 2011                           Respectfully submitted,

                                               PROSKAUER ROSE LLP


                                               By:  _____/s/ Gregg M. Mashberg_____
                                                    Gregg M. Mashberg (admitted *pro hac vice*)

11 Times Square
New York, NY 10036-8299
212.969.3000
212.969.2900 (fax)
gmashberg@proskauer.com


By:              /s/ James F. Segroves
      James F. Segroves (D.C. Bar No. 480630)
      1001 Pennsylvania Avenue, NW
      Suite 400 South
      Washington, DC 20004-2533
      202.416.6800
      202.416.6899 (fax)
      jsegroves@proskauer.com

      *Attorneys pro se for Defendant*
      *Proskauer Rose LLP and Attorneys for*
      *Defendants Kenneth Rubenstein, Christopher*
      *C. Wheeler, and the late Stephen C. Krane*

## <u>CERTIFICATE OF SERVICE</u>

In accordance with Rule 5(b) of the Federal Rules of Civil Procedure, the undersigned certifies that on this nineteenth day of July, 2011, he did cause a true and correct copy of the Proskauer Defendants' Motion for Sanctions and all supporting exhibits to be served via electronic mail, per prior agreement, on Plaintiff P. Stephen Lamont and the defendants who have appeared in this action.


     /s/ James F. Segroves
     James F. Segroves

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

P. STEPHEN LAMONT, individually and as
Nominee for 100% of the Capital Shares of
Iviewit Holdings, Inc.,

        Plaintiff,

   v.

PROSKAUER ROSE LLP, *et al.*,

        Defendants.

Civil Action No. 11-949 (HHK)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PROSKAUER DEFENDANTS' MOTION FOR SANCTIONS

Gregg M. Mashberg (admitted *pro hac vice*)
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036-8299
212.969.3000
212.969.2900 (fax)
gmashberg@proskauer.com

James F. Segroves (D.C. Bar No. 480630)
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
202.416.6800
202.416.6899 (fax)
jsegroves@proskauer.com

*Attorneys pro se for Defendant
Proskauer Rose LLP and Attorneys for
Defendants Kenneth Rubenstein, Christopher
C. Wheeler, and the late Stephen C. Krane*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................... ii

PRELIMINARY STATEMENT ...............................................................1

ARGUMENT ...........................................................................................6

    SANCTIONS SHOULD BE IMPOSED AGAINST LAMONT BECAUSE HIS
COMPLAINT IS FRIVOLOUS AND LACKS ANY GOOD-FAITH BASIS IN
FACT OR LAW ........................................................................................6

    A.    General Principles ....................................................................6

    B.    Prior Rulings Rejecting The Claims Asserted Here ................8

    C.    Monetary And Injunctive Sanctions Are Necessary To Prevent Further
Abuse Of The Judicial Process And Harassment Of Defendants .........10

CONCLUSION .......................................................................................13

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Anderson v. D.C. Pub. Defender Serv.*,
   881 F. Supp. 663 (D.D.C. 1995) ........................................................................ 7, 11

\* *Bernstein v. App. Div. 1st Dep't Departmental Disciplinary Comm.*,
   No. 07 Civ. 11196 (SAS), 2010 U.S. Dist. LEXIS 132830 (S.D.N.Y. Dec. 15, 2010) .......... 3, 8

\* *Bernstein v. App. Div. 1st Dep't Departmental Disciplinary Comm.*,
   No. 08-4873-cv (2d Cir. Jan. 5, 2010) ............................................................... 3

\* *Bernstein v. App. Div. 1st Dep't Departmental Disciplinary Comm.*,
   No. 10-5303-cv (2d Cir. Apr. 14, 2011) .............................................................. 3

\* *Bernstein v. New York*,
   591 F. Supp. 2d 448 (S.D.N.Y. 2008) ....................................................... *passim*

\* *Bernstein v. New York*,
   No. 07 Civ. 11196 (SAS) (S.D.N.Y. Aug. 19, 2008) ................................................. 3

*Hemphill v. Kimberly-Clark Corp.*,
   374 F. App'x 41 (Fed. Cir. 2010) .................................................................. 8, 12

*Hickey v. Scott*,
   738 F. Supp. 2d 55 (D.D.C. 2010) .................................................................. 7

*McLaughlin v. Bradlee*,
   602 F. Supp. 1412 (D.D.C. 1985) .................................................................. 7

\* *Mikkilineni v. Penn Nat'l Mut. Casualty Ins. Co.*,
   271 F. Supp. 2d 142 (D.D.C. 2003) ............................................................... 7, 11

*Rafferty v. NYNEX Corp.*,
   60 F.3d 844 (D.C. Cir. 1995) ...................................................................... 6

*Reynolds v. U.S. Capitol Police Bd.*,
   357 F. Supp. 2d 19 (D.D.C. 2004) ............................................................. 6, 7, 9

*Sherman Treaters Ltd. v. Ahlbrandt*,
   115 F.R.D. 519 (D.D.C. 1987) .................................................................... 10

\*   Authorities upon which we chiefly rely are marked with asterisks.

*Smith v. Martin*,
  Civ. Action No. 02-1624 (GK), 2004 WL 5577682 (D.D.C. Jan. 28, 2004) ............................ 6

*Sparrow v. Reynolds*,
  646 F. Supp. 834 (D.D.C. 1986) ............................................................................................. 11

*Urban v. United Nations*,
  768 F.2d 1497 (D.C. Cir. 1985) ......................................................................................... 7, 11

*Westmoreland v. CBS, Inc.*,
  770 F.2d 1168 (D.C. Cir. 1985) ............................................................................................. 10

## STATUTES

42 U.S.C. § 1983 .................................................................................................. 2, 4, 8, 9

## RULES

\*  Fed. R. Civ. P. 11 ...................................................................................................... *passim*

Fed. R. Civ. P. 11(c)(2) ...................................................................................................... 1

Fed. R. Civ. P. 60(b)(6) ............................................................................................... 3, 5, 9

Defendants Proskauer Rose LLP, Kenneth Rubenstein, Christopher C. Wheeler, and the late Stephen C. Krane (collectively, the "Proskauer Defendants") submit this memorandum of points and authorities in support of their Motion for Sanctions against Plaintiff P. Stephen Lamont ("Lamont") pursuant to Rule 11 of the Federal Rules of Civil Procedure.[1]  The motion for Rule 11 sanctions is presented in connection with the Proskauer Defendants' contemporaneously filed motion to dismiss the underlying action, and incorporates by reference the factual background and legal arguments set forth in the Memorandum of Points and Authorities in Support of the Proskauer Defendants' Motion to Dismiss ("Proskauer Memo").  While the arguments set forth in the Proskauer Memo will not be duplicated here, this memorandum will demonstrate that the Court should impose sanctions, including damages and injunctive relief, as a direct result of Lamont's bad-faith conduct in commencing this objectively baseless action.

## PRELIMINARY STATEMENT

This *pro se* action arises from Lamont's irrational insistence that, over ten years ago, the Proskauer Defendants and scores of other lawyers, law firms and major technology corporations engaged in a fantastic conspiracy to misappropriate and sabotage digital imaging technology allegedly owned by a company of which Lamont alleges to be an officer and shareholder, Iviewit Holdings, Inc. ("Iviewit"), and then conspired with government officials and judges to cover up the alleged wrongdoing.  In December 2007, Lamont (together with Eliot I. Bernstein, not a party here) commenced a *pro se* action in the United States District Court for the Southern District of New York in which Lamont asserted *all* of the claims asserted in this action as against *all*

---

[1]  Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, the Proskauer Defendants will refrain from filing their motion for sanctions and this supporting memorandum with the Court if Lamont withdraws or appropriately corrects his Complaint within twenty-one days of having been served with the motion and supporting memorandum.

of the defendants named in this action (and many more).  That action was dismissed by United

States District Judge Shira A. Scheindlin, in a published opinion issued on August 8, 2008.  *See*

*Bernstein v. New York*, 591 F. Supp. 2d 448 (S.D.N.Y. 2008) ("*Lamont I*").[2]

Over 1,100 paragraphs in length, the amended complaint in *Lamont I* (1st Mashberg

Decl. Ex. G) asserted several federal claims arising out of (i) the alleged misappropriation of

Iviewit's intellectual property and (ii) the alleged interference with various attorney disciplinary

complaints that Iviewit had filed in New York and elsewhere against scores of attorneys, law

firms and officials allegedly responsible for the misappropriation and cover up.  Lamont also

alleged various common-law claims, including each of the claims alleged here.

With respect to the federal claims, Judge Scheindlin dismissed all of them on the merits.

The antitrust and racketeering claims, which challenged the alleged sabotage and theft of intel-

lectual property, were dismissed for failure to comply with the applicable four-year statutes of

limitations.  *Lamont I*, 591 F. Supp. 2d at 467-68.  The claims construed under 42 U.S.C. § 1983,

which challenged the alleged interference with the attorney disciplinary process, were dismissed

for failure to state a cause of action and failure to comply with the applicable three-year statute

of limitations.  *Id.* at 467.  Significantly, Lamont sought leave to amend and file a third com-

plaint.  Judge Scheindlin denied Lamont's request, and dismissed the federal claims with preju-

---

[2]     The published opinion in *Lamont I* is attached as Exhibit A to the Declaration of
Gregg M. Mashberg in Support of the Proskauer Defendants' Motion to Dismiss, dated July 19,
2011 ("1st Mashberg Decl.").  The First Mashberg Declaration and the exhibits annexed thereto
are incorporated herein by reference.  In addition, accompanying the sanctions motion is the
Declaration of Gregg M. Mashberg in Support of the Proskauer Defendants' Motion for Sanc-
tions, also dated July 19, 2011 ("2d Mashberg Decl."), to which is annexed additional documents
submitted in support of the sanctions motion.

dice. *Id.* at 470.  With respect to the common-law claims in *Lamont I*, which arose out of pre-cisely the same transactions and occurrences as the time-barred antitrust and racketeering claims, Judge Scheindlin declined to exercise supplemental jurisdiction.  *Id.*

As detailed and cited in the Proskauer Memo (at 12), Lamont's motion for reconsidera-tion was denied, *Bernstein v. New York*, No. 07 Civ. 11196 (SAS), slip op. at 3 (S.D.N.Y. Aug. 19, 2008) (1st Mashberg Decl. Ex. B), and his appeal to the United States Court of Appeals for the Second Circuit was dismissed *sua sponte* "because it lack[ed] an arguable basis in law or fact," *Bernstein v. App. Div. 1st Dep't Departmental Disciplinary Comm.*, No. 08-4873-cv, slip op. at 1 (2d Cir. Jan. 5, 2010) (1st Mashberg Decl. Ex. C).

Undeterred, Lamont moved in the district court to reopen the docket pursuant to Rule 60(b)(6), based on the dismissal of another attorney disciplinary complaint.  Judge Scheindlin denied the motion, again reiterating that Lamont had no federally protected interest in the attor-ney disciplinary process.  *Bernstein v. App. Div. 1st Dep't Departmental Disciplinary Comm.*, No. 07 Civ. 11196 (SAS), 2010 U.S. Dist. LEXIS 132830, at *7 (S.D.N.Y. Dec. 15, 2010) (1st Mashberg Decl. Ex. D).  Lamont appealed and moved to amend the appellate caption to make him the sole plaintiff-appellant.  Again the Second Circuit dismissed Lamont's appeal *sua sponte* because it lacked "any basis in law or fact." *Bernstein v. App. Div. 1st Dep't Departmental Disciplinary Comm.*, No. 10-5303-cv, slip op. at 2 (2d Cir. Apr. 14, 2011) (1st Mashberg Decl. Ex. E).  Twice Lamont attempted to file petitions for certiorari and twice the Supreme Court rejected his attempts.[3]

---

[3]   Although not directed to the Proskauer Defendants, it should be noted in this context that Lamont previously sought to disqualify the New York Attorney General from representing the New York State defendants.  Judge Scheindlin denied that motion.  *See* Order, *Lamont I*, Mar. 7, 2008, ECF No. 7.  Lamont has filed essentially the same motion in this action.  *See* Pl.'s
(continued)

Now out of options in the Second Circuit, Lamont has simply decided to start all over again in this Court, a venue that has absolutely no connection to any of the transactions and occurrences underlying the claims presented.  As noted, the Proskauer Defendants, along with many of the other defendants, have filed motions to dismiss the Complaint in this action, on various grounds, particularly the doctrine of *res judicata*, which unequivocally bars the only federal claim underlying this action, 42 U.S.C. § 1983.  *See* Proskauer Memo at 14-16.

The district court in New York gave this *pro se* plaintiff every benefit of the doubt.  The prolix complaint was bizarre and outlandish.  The scores upon scores of defendants included everyone from the Attorney General of New York to the then-Chief Judge of the State of New York, to individual lawyers and law firms against whom Lamont made wild allegations arising out of events that allegedly occurred in the late 1990s.  Nonetheless, Judge Scheindlin treated the claims with seriousness and deference to Lamont's *pro se* status.  The court's decision was thorough and extensive.  Judge Scheindlin explained that the claims were non-justiciable, time-barred and there was no way they could be repled.  On appeal, the Second Circuit had less patience.  The appellate court told the *Lamont I* plaintiffs the simple truth in dismissing the appeals out of hand: their claims were baseless and frivolous.

None of this had any impact on Lamont.  Nothing said by Judge Scheindlin or the Second Circuit got through to him.  He now has the temerity to restart this nonsense in this Court, again imposing a significant burden on the judicial system, as well as governmental and private defendants, to deal with claims that have already been held to be time-barred and otherwise non-justiciable.

---

Emergency Mot. to Disqualify the Representative Capacity of the N.Y. State Att'y Gen., July 5, 2011, ECF No. 12.

While *pro se*, Lamont is no neophyte.  He holds himself out as a graduate of the Columbia University School of Law and a sophisticated business man.  *See* 2d Mashberg Decl. Ex. A (excerpt from Lamont's Linked-In biography).  His papers in this action show more than a lay person's familiarity with the litigation process.

Lamont has been made aware of the potential consequences of pursuing this frivolous litigation.  In the first instance, Judge Scheindlin, in denying Lamont's motion to amend the complaint, held that the court could "rule out any possibility . . . that [a second] amended complaint would succeed in stating a claim."  *Lamont I*, 591 F. Supp. 2d at 470.  Prior to filing this action and at its initial stages, Lamont was repeatedly warned that defendants would seek sanctions against him if this did not stop.  Thus, when he sought to reopen the docket in *Lamont I* pursuant to Rule 60(b)(6), the Proskauer Defendants stated in their opposition papers that Judge Scheindlin should admonish Lamont that any continuing effort to pursue his groundless litigation may subject him to sanctions.  *See* Proskauer Defs.' Opp'n to Pls.' Mot. to Reopen Docket, *Lamont I*, Oct. 27, 2010, ECF No. 122.

After his Rule 60(b)(6) motion was denied, and Lamont threatened to commence new litigation, the Proskauer Defendants explicitly told Lamont that they would seek appropriate sanctions, monetary and otherwise, if Lamont "filed further frivolous pleadings in connection with the claims at issue in this litigation."  2d Mashberg Decl. Ex. B (email to Lamont dated January 13, 2011).  After he filed this action, the Proskauer Defendants again advised Lamont that he was violating Rule 11 and was subject to sanctions.  *See* 2d Mashberg Decl. Ex. C (email to Lamont dated May 26, 2011).  Similarly, upon being served with the Complaint in this action, counsel for Defendant Meltzer, Lippe, Goldstein & Breitstone LLP wrote to Lamont explaining that each of his federal and state claims was time-barred and that, unless he withdrew them, he

would be subject to Rule 11 sanctions.  *See* 2d Mashberg Decl. Ex. E (letter to Lamont dated June 14, 2011).

None of this had any effect on Lamont.  Not only is he proceeding full steam ahead with this frivolous litigation but, as was entirely predictable, he is now attacking Judge Scheindlin as having been "conflicted," the same argument he has asserted against many other judges and governmental officials who have rejected his allegations.  He thus argues here that the court's decision in *Lamont I* should be disregarded.  *See* Pl.'s Opp'n to State Defs.' Mot. to Dismiss, July 8, 2011 (served but not yet docketed via ECF).

Dismissal of this action with prejudice will be insufficient to send Lamont the message he needs to hear: the judicial system is not his play thing; he cannot continue to assert his baseless claims over and over with impunity.  As demonstrated below, Rule 11 sanctions are now called for.

## ARGUMENT

### SANCTIONS SHOULD BE IMPOSED AGAINST LAMONT BECAUSE HIS COMPLAINT IS FRIVOLOUS AND LACKS ANY GOOD-FAITH BASIS IN FACT OR LAW

#### A.      General Principles

Rule 11 is designed to "protect the court from frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings."  *Smith v. Martin*, Civ. Action No. 02-1624 (GK), 2004 WL 5577682, at *3 (D.D.C. Jan. 28, 2004) (citation omitted).  "The D.C. Circuit has held that 'once the district court finds that a pleading is not well grounded on fact, not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or is interposed for any improper purpose, Rule 11 *requires* that sanctions of some sort be imposed.'"  *Reynolds v. U.S.*

*Capitol Police Bd.*, 357 F. Supp. 2d 19, 24 (D.D.C. 2004) (quoting *Rafferty v. NYNEX Corp.*, 60 F.3d 844, 852 (D.C. Cir. 1995)) (emphasis in original).

The test for sanctions under Rule 11 "is an objective one: that is, whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim." *Hickey v. Scott*, 738 F. Supp. 2d 55, 72 (D.D.C. 2010) (internal quotations and citations omitted). Where a party reiterates arguments that have already been unequivocally rejected by the court, and its pleadings reflect a deliberate decision to ignore an opinion of the court which is the controlling law of the case, sanctions are warranted under Rule 11.  *See, e.g.*, *Reynolds*, 357 F. Supp. 2d at 24 (imposing sanctions where party repeatedly pursued claims that were deemed time-barred in a prior litigation and the party lacked any new redeeming legal basis to assert them); *see also McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1417 (D.D.C. 1985) ("The imposition of sanctions is one of the few options available to a court to deter and punish people who relitigate cases hopelessly foreclosed.").

*Pro se* litigants are subject to Rule 11 sanctions in appropriate cases.  *See, e.g.*, *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (sanctioning *pro se* litigant "[i]n light of [his] fast growing track record of frivolous suits"); *Mikkilineni v. Penn Nat'l Mut. Casualty Ins. Co.*, 271 F. Supp. 2d 142, 149 (D.D.C. 2003) (enjoining *pro se* plaintiff from filing any new complaints in the district without first obtaining leave of court demonstrating that the claims are new, never disposed of on the merits by any federal court, not pending in any federal court, and not filed in bad faith based on repetitive and redundant litigation that showed "contempt for the justice system" and "harass[ed] the defendants by forcing the defendants to spend resources litigating previously-resolved claims"); *Anderson v. D.C. Pub. Defender Serv.*, 881 F. Supp. 663, 667 (D.D.C. 1995) (sanctioning *pro se* plaintiff by enjoining him from filing further complaints

without obtaining leave of court, where plaintiff had a "propensity for recycling and repackaging claims" by repeatedly raising unsupported conspiracy allegations and it was "abundantly clear that anyone who has had any contact with plaintiff's legal matters [wa]s a likely candidate to become a defendant in a subsequent suit"); *Hemphill v. Kimberly-Clark Corp.*, 374 F. App'x 41, 46 (Fed. Cir. 2010) (affirming imposition of sanctions against *pro se* plaintiff and enjoining plaintiff from filing new patent infringement suits against defendants where court made ample findings regarding harassing and frivolous nature of plaintiff's prior actions asserting claims for infringement of the same patent and fraud in connection with defendants' defense of the prior infringement actions).

Sanctions are certainly appropriate here, where Lamont, a purported law school graduate and sophisticated business person, has repeatedly been advised by opposing counsel that he will be subject to sanctions motions if he persists in seeking to relitigate matters that have been previously adjudicated on their merits.

### B.     Prior Rulings Rejecting The Claims Asserted Here

As set forth in detail in the Proskauer Memo (at 14-16), Lamont's only federal cause of action is a claim under 42 U.S.C. § 1983.  Judge Scheindlin, however, has already ruled that § 1983 creates no rights but only provides a cause of action for rights otherwise established by the federal Constitution or federal law.  *Lamont I*, 591 F. Supp. 2d at 460.  Lamont has simply ignored Judge Scheindlin's statement of the law and blithely purports to base this action on the "violations of Plaintiff's rights as guaranteed by 42 U.S.C. § 1983."  Complaint ¶ 1.

Moreover, Lamont's § 1983 claim is substantively identical to the § 1983 claim litigated on its merits and dismissed in *Lamont I* on the grounds of statute of limitations, 591 F. Supp. 2d at 467-68; failure to state a cause of action; *id.* at 468-69; and standing, *id.* at 469.  *See* Proskauer Memo at 14-16.  Indeed, Judge Scheindlin held not just once but *twice* that Lamont had no right

under federal law to challenge the state attorney disciplinary process. *See Bernstein v. App. Div. 1st Dep't Departmental Disciplinary Comm.*, No. 07 Civ. 11196 (SAS), 2010 U.S. Dist. LEXIS 132830, at \*8 (S.D.N.Y. Dec. 15, 2010) (order denying Rule 60(b)(6) motion) (1st Mashberg Decl. Ex. D).   And, particularly with respect to the Proskauer Defendants (and other non-governmental defendants), Judge Scheindlin also explicitly noted that Lamont cannot sustain a § 1983 claim against non-state actors. *See Lamont I*, 591 F. Supp. 2d at 459 n.96.[4]

    None of this has had the slightest impact on Lamont.   He now purports to reassert the precise § 1983 claim that Judge Scheindlin rejected for several reasons and on two occasions. His doing so is classic bad-faith conduct.   Lamont's § 1983 claim in this action is in derogation of Judge Scheindlin's rulings in *Lamont I*, not to mention the unequivocal legal principles under-lying that court's holdings.   Sanctions are warranted under these circumstances. *See Reynolds*, 357 F. Supp. 2d at 24.   Nor should Lamont's *pro se* status lead to a different result.   The fatal infirmities in Lamont's federal claim have been pointed out to him repeatedly by the Southern District of New York, the Second Circuit (which has dismissed two of his appeals *sua sponte*), and opposing counsel.   Lamont has nonetheless filed motion after motion, appeal after appeal, and now a new action based upon the same skewed and frivolous legal theories and time-barred (not to mention baseless) factual averments.   This futile and wasteful crusade, lacking any new redeeming legal or factual arguments, is abusive of the courts and clearly designed to harass the

---

    [4]   The Proskauer Defendants have also moved to dismiss this action on the grounds that Lamont, as a *pro se* litigant, does not have standing to represent anyone in this action other than himself. *See* Proskauer Memo at 12-13.   This basic legal principle cannot come as a surprise to Lamont.   When Lamont filed a motion in the Second Circuit to amend the caption of *Lamont I* to present him as the representative for Iviewit shareholders, the Proskauer Defendants opposed the request and explained why Lamont could only appear for himself. *See* 2d Mashberg Decl. Ex. E (February 4, 2011 letter to Second Circuit).   Characteristically, Lamont has ignored this basic principle and charged ahead, purporting to appear *pro se* on behalf of third parties.

over twenty individuals and entities imagined to have wronged Lamont (or, more properly put, Iviewit).  Appropriate sanctions are warranted.[5]

### C.   Monetary And Injunctive Sanctions Are Necessary To Prevent Further Abuse Of The Judicial Process And Harassment Of Defendants

Under Rule 11, the selection of an appropriate sanction is left to the discretion of the district court.  *See Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1178 (D.C. Cir. 1985).  The most common sanction is monetary.  Thus, in a case such as this, where the plaintiff has caused countless defendants to expend time and resources to obtain dismissal of claims that have been dismissed in a prior proceeding, it would be appropriate to order the plaintiff to pay the defendants' legal fees and costs in obtaining yet another judgment of dismissal.  *See, e.g.*, *Sherman Treaters Ltd. v. Ahlbrandt*, 115 F.R.D. 519, 525 (D.D.C. 1987) (awarding attorneys' fees and expenses where "plaintiff's Rule 11 violation spawned a whole series of foundationless complaints, motions, and other papers to which defendant was required to respond").

In this case, however, history shows that monetary sanctions alone will be insufficient.  In light of Lamont's demonstrated record of filing frivolous lawsuits and frivolous motions within those lawsuits, as well as frivolous appeals, this Court should exercise its discretion and enter injunctive relief as well.  Only by means of an order prohibiting Lamont from filing additional actions arising out of the transactions and occurrences underlying this case and *Lamont I*

---

[5]   Although Judge Scheindlin did not adjudicate Lamont's common-law claims, in dismissing Lamont's federal claims, the court ruled that the events underlying the common-law claims occurred well outside the statutes of limitations.  As a result, the common-law claims are also frivolous.  *See* Proskauer Memo at 16-21.  Indeed, according to the Complaint in this action (¶ 45), the Proskauer Defendants' last act in furtherance of the alleged patent sabotage and misappropriation occurred in August 2000, more than *seven* years before *Lamont I* and *ten* years before this action were filed.  *See* Proskauer Memo at 17-18.  Lamont simply ignores the dispositive limitations defenses and continues to assert these baseless claims.

will it be possible to stop Lamont from abusing the judicial process, protect the integrity of the courts, and stop the harassment of the Proskauer Defendants and countless others.

This Court confronted a similar situation in *Mikkilineni*.  There, a *pro se* plaintiff had filed multiple actions in multiple courts against multiple defendants, all of which related to similar contractual disputes.  *See* 271 F. Supp. 2d at 144.  At least one appellate court had dismissed an appeal by the plaintiff after finding his claims were frivolous.  *Id.* at 147.  When the *pro se* plaintiff then filed several new actions in this Court, the Court entered an injunction prohibiting the plaintiff from filing future actions without leave of court.  *Id.* at 148-49.  "Injunctive remedies," the Court explained, "may be appropriate when a plaintiff files complaints or motions that are frivolous, harassing, or duplicative of prior filings."  *Id.* at 148.  After reviewing the *pro se* plaintiff's litigation record, the Court determined that the plaintiff was a "prolific litigant who recycles old claims when he is not satisfied with a court's orders, thereby harassing the defendants and abusing the judicial system.  To protect the integrity of the courts and to prevent further harassment of the defendants, the plaintiff's filing of duplicative claims must stop."  *Id.* at 143.

The same is true here.  *See also Urban*, 768 F.2d at 1500 (issuing injunction to prevent additional frivolous complaints); *Anderson*, 881 F. Supp. at 671 ("A careful review, taking into consideration the number, content and the effect of plaintiff's repetitive and frivolous complaints, and his profuse and meritless motions, leads to the conclusion that plaintiff's litigation tactics may be regarded as harassing behavior as well as frivolous pleading, either of which will support the imposition of a limiting device under the standards set by the Court of Appeals."); *Sparrow v. Reynolds*, 646 F. Supp. 834, 839 (D.D.C. 1986) (finding injunction was "necessary and proper remedy against plaintiff's unabashed abuse of the judicial process" where *pro se*

litigant repeatedly alleged same groundless cause of action); *Hemphill*, 374 F. App'x at 46 (imposing anti-filing injunction against *pro se* litigant where plaintiff "engaged in a vexatious pattern of filing multiple duplicative lawsuits, forum-shopping among various district and appellate courts, and requesting reconsideration of every adverse ruling in every case," and opposing party warned *pro se* litigant of intention to seek injunctive sanction).

Despite the multiple rulings by the Southern District of New York and the Second Circuit rejecting the same claims asserted here, and despite repeated warnings by many of the defendants that they would seek sanctions, Lamont "persist[s] in embroil[ing] Defendants in never-ending baseless litigation." *Hemphill*, 374 F. App'x at 45 (second brackets in original). In fact, he has made it crystal clear that despite the dismissal of his claims, he will not stop his litigation crusade. As he recently threatened the Proskauer Defendants in response to a warning that his frivolous conduct would result in an application for Rule 11 sanctions:

> [T]he shareholders of Iviewit Holdings, Inc. have claims against your clients for Patent Fraud, Conspiracy to Commit Patent Fraud, Breach of Contract, and Legal Malpractice, and until these claims are FULLY litigated by a non-conflicted court, we will continue to file whenever and wherever we so choose.

2d Mashberg Decl. Ex. C (email from Lamont dated May 26, 2011) (emphasis in original). Of course, Lamont reserves for himself the decision of what constitutes a "non-conflicted court." He has also made it abundantly clear that he apparently intends to expand his crusade against other unspecified John and Jane Does and John and Jane Doe Companies currently named as defendants. *See* Complaint ¶¶ 29-30. Absent injunctive sanctions, it is apparent that Lamont will continue his vexatious campaign, constituting abuse of the courts and harassment of defendants and many others not yet named who have had the misfortune of having had any contact with Iviewit, Lamont or Bernstein and the baseless legal matters that they have spawned and continue to spawn.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Proskauer Memo, the Proskauer Defendants respectfully request that the Court grant their motion for Rule 11 sanctions, including (1) an order imposing monetary sanctions in an amount to be determined in subsequent proceedings and (2) an order enjoining Lamont from filing another action in any court related to the subject matter of this action without prior leave of court.

Dated: July 19, 2011                              Respectfully submitted,

                                                  PROSKAUER ROSE LLP


                                       By:        _____/s/ Gregg M. Mashberg_____
                                                  Gregg M. Mashberg (admitted *pro hac vice*)
                                                  11 Times Square
                                                  New York, NY 10036-8299
                                                  212.969.3000
                                                  212.969.2900 (fax)
                                                  gmashberg@proskauer.com


                                       By:        _____/s/ James F. Segroves_____
                                                  James F. Segroves (D.C. Bar No. 480630)
                                                  1001 Pennsylvania Avenue, NW
                                                  Suite 400 South
                                                  Washington, DC 20004-2533
                                                  202.416.6800
                                                  202.416.6899 (fax)
                                                  jsegroves@proskauer.com

                                                  *Attorneys pro se for Defendant*
                                                  *Proskauer Rose LLP and Attorneys for*
                                                  *Defendants Kenneth Rubenstein, Christopher*
                                                  *C. Wheeler, and the late Stephen C. Krane*