**EXHIBIT 1:**

**Declaration of Gregg M. Mashberg in Support
of the Proskauer Defendants' Motion for Sanctions**

**Proskauer Defendants' Motion for Sanctions,
*Lamont v. Proskauer Rose LLP*,
Civil Action No. 11-949 (HHK) (D.D.C.)**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

P. STEPHEN LAMONT, individually and as
Nominee for 100% of the Capital Shares of
Iviewit Holdings, Inc.,

               Plaintiff,

    v.

PROSKAUER ROSE LLP, *et al.*,

               Defendants.

Civil Action No. 11-949 (HHK)

## DECLARATION OF GREGG M. MASHBERG IN SUPPORT OF THE PROSKAUER DEFENDANTS' MOTION FOR SANCTIONS

I, GREGG M. MASHBERG, depose and say upon personal knowledge as follows:

1.     I am admitted to practice before this Court *pro hac vice* on behalf of Defendants Proskauer Rose LLP, Kenneth Rubenstein, Christopher C. Wheeler, and the late Steven C. Krane (collectively, the "Proskauer Defendants"). I make this declaration in support of the Proskauer Defendants' Motion for Sanctions.

2.     Attached as Exhibit A is a true and correct copy of an excerpt from Plaintiff P. Stephen Lamont's LinkedIn biography, indicating that he holds degrees from the Columbia University School of Law and the Columbia University Graduate School of Business.

3.     Attached as Exhibit B is a true and correct copy of email correspondence with Lamont dated January 13, 2011.

4.     Attached as Exhibit C is a true and correct copy of email correspondence with Lamont dated May 26, 2011.

5. Attached as Exhibit D is a true and correct copy of a letter from myself to the Clerk of the United States Court of Appeals for the Second Circuit, dated February 4, 2011.

6. Attached as Exhibit E is a true and correct copy of a letter to Lamont from counsel for Defendant Meltzer, Lippe, Goldstein & Breitstone, LLP, dated June 14, 2011.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 19, 2011.

                                                      Gregg M. Mashberg

**EXHIBIT 1.A:**

**Plaintiff P. Stephen Lamont's LinkedIn Biography**

**Proskauer Defendants' Motion for Sanctions,**
*Lamont v. Proskauer Rose LLP*,
**Civil Action No. 11-949 (HHK) (D.D.C.)**

## P. Stephen Lamont
Chairman & CEO at Iviewit Technologies, Inc.
Greater New York City Area   Computer Software

| | |
|---|---|
| Current | • **Chairman & CEO** at **Iviewit Technologies, Inc.** |
| Past | • President & COO at Digital Factory, LLC<br>• Director, New Ventures at Thomson S.A. |
| Education | • Columbia University School of Law<br>• Columbia University Graduate School of Business<br>• State University of New York |
| Recommendations | **1** person has recommended P. Stephen |
| Connections | **27** connections |
| Websites | • Personal Website<br>• Blog |

## P. Stephen Lamont's Summary

An established career in strategic and operational planning, business development, and market planning a analytical, and communications skills to achieve results. Authored a broad spectrum of business strategy management, marketing, and business development staff. Directed the activities of professional and supp technology alliances, and start-up initiatives with a combined value of more than $300 million. Gained pro research. Working knowledge of French and Spanish.

### Specialties
strategic marketing, product management, business development, general management, investor relation

## P. Stephen Lamont's Experience

### Chairman & CEO
**Iviewit Technologies, Inc.**
Computer Software industry
December 2001 – Present (9 years 8 months)

Entertainment Technology: strategic marketing, product management, business development, general ma

### President & COO
**Digital Factory, LLC**
Computer Software industry
March 1999 – December 2001 (2 years 10 months)

Entertainment and Media DRM Technology: strategic marketing, product management, business develop

### Director, New Ventures
**Thomson S.A.**
Consumer Electronics industry
March 1996 – March 1999 (3 years 1 month)

Entertainment Technology: strategic marketing, product management, business development

## P. Stephen Lamont's Education

### Columbia University School of Law
J.D., Intellectual Property Law
1991 – 1995

### Columbia University Graduate School of Business
M.B.A, Finance
1986 – 1988

### State University of New York
B.S., Industrial Engineering
1981 – 1985

## P. Stephen Lamont's Additional Information

Websites:
- Personal Website
- Blog

Interests: Technology: strategic marketing, product management, business development

## P. Stephen Lamont's Contact Settings

**Interested In**
- career opportunities
- new ventures
- business deals
- getting back in touch
- consulting offers
- expertise requests
- reference requests

## View P. Stephen Lamont's full profile to...
- See who you and **P. Stephen Lamont** know in common
- Get introduced to **P. Stephen Lamont**
- Contact **P. Stephen Lamont** directly

**View Full Profile**

LinkedIn Corporation © 2011

# EXHIBIT 1.B:

**Email Correspondence Dated January 13, 2011**

**Proskauer Defendants' Motion for Sanctions,**
*Lamont v. Proskauer Rose LLP*,
**Civil Action No. 11-949 (HHK) (D.D.C.)**

**Mashberg, Gregg M.**

| | |
|---|---|
| **From:** | Mashberg, Gregg |
| **Sent:** | Thursday, January 13, 2011 3:33 PM |
| **To:** | 'pstephen.lamont@verizon.net' |
| **Subject:** | RE: 10-civ-XXXX Bernstein,et al. v. Appellate Division First Department Departmental DisciplinaryCommittee, et al. SCHEDULING NOTICE |

Mr. Lamont,

Please be advised that we will seek to have appropriate sanctions (monetary and otherwise) imposed against you or any other person signing any further frivolous pleadings in connection with the claims at issue in this litigation.

Sincerely,


**Gregg M. Mashberg**
Partner

<u>Proskauer</u>
1585 Broadway
New York, NY 10036-8299
d 212 969.3450/ f 212 969.2900
gmashberg@proskauer.com

**EXHIBIT 1.C:**

**Email Correspondence Dated May 26, 2011**

**Proskauer Defendants' Motion for Sanctions,**
*Lamont v. Proskauer Rose LLP*,
**Civil Action No. 11-949 (HHK) (D.D.C.)**

Mashberg, Gregg M.
_____

| | |
|---|---|
| **From:** | P. Stephen Lamont [pslamont@gmail.com] |
| **Sent:** | Thursday, May 26, 2011 5:23 PM |
| **To:** | Mashberg, Gregg M. |
| **Cc:** | Alan Epstein; Andrew Dietz; Barry Becker; Brett Howard; Caroline P. Rogers Esq.; David Colter; Guy Iantonio; James A. Osterling; James Armstrong; Jeffrey Friedstein; Ken Anderson; Kevin McKeown; Marc R. Garber Esq.; Michele M. Mulrooney Esq.; Mitchell Welsch; P. Stephen Lamont; Rene Eichenberger; Simon Bernstein |
| **Subject:** | RE: 2011-cv-949(HHK), Lamont, et al. v. Proskauer Rose, LLP et al. |

Mr. Mashberg,

Thank you for your email, and rejecting service electronically, we will serve you on behalf of your clients either personally or according to FRCP Rule 4; incidentally avoiding service in this manner does nothing for the names and reputations of you and your clients.

Lastly, the shareholders of Iviewit Holdings, Inc. have claims against your clients for Patent Fraud, Conspiracy to Commit Patent Fraud, Breach of Contract, and Legal Malpractice, and until these claims are FULLY litigated by a non-conflicted court, we will continue to file whenever and wherever we so choose.

It is hoped, and please do not take this personally, that, at some point, Proskauer starts to think like businessmen who cut their losses when need be, and not lawyers.

Best regards,

P. Stephen Lamont
Chairman and Chief Executive Officer
Iviewit Technologies, Inc.
175 King Street
Armonk, N.Y 10504
Tel: 914-217-0038
Emails: pslamont@gmail.com; pstephen.lamont@att.blackberry.net
URL's: www.linkedin.com/in/pstephenlamont; www.facebook.com/pstephen.lamont; www.myspace.com/pstephenlamont

1

THIS MESSAGE AND ITS EMBEDDED AND/OR ATTACHED FILES INCORPORATED HEREIN BY
REFERENCE CONTAIN INFORMATION THAT IS PROPRIETARY AND
CONFIDENTIAL,PRIVILEGED INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT,
YOU ARE PROHIBITED FROM READING, OPENING, PRINTING, COPYING, FORWARDING, OR
SAVING THIS MAIL AND ITS EMBEDDED AND/OR ATTACHED FILES. PLEASE DELETE THE
MESSAGE AND ITS EMBEDDED AND/OR ATTACHED FILES WITHOUT READING, OPENING,
PRINTING, COPYING, FORWARDING, OR SAVING THEM, AND NOTIFY THE SENDER
IMMEDIATELY AT 914.217.0038. IF YOU ARE THE INTENDED RECIPIENT, YOU ARE
PROHIBITED FROM FORWARDING THEM OR OTHERWISE DISCLOSING THESE CONTENTS TO
OTHERS, WITHOUT THE EXPRESS WRITTEN CONSENT OF THE SENDER.

-----Original Message-----
From: Mashberg, Gregg M. [mailto:GMashberg@proskauer.com]
Sent: Thursday, May 26, 2011 5:02 PM
To: P. Stephen Lamont
Subject: RE: 2011-cv-949(HHK), Lamont, et al. v. Proskauer Rose, LLP et al.

Mr. Lamont:


Your request that I accept service of this summons and complaint on
behalf of those you have identified in your email below as the
"Proskauer Defendants" is rejected. I do not accept service and no
service has been effectuated on any of the so-called "Proskauer
Defendants."

As I have previously advised you, your commencement of another frivolous
action will result in a sanctions motion against you.

Proskauer Rose LLP and those individuals who you have included as among
the so-called "Proskauer Defendants" do not waive any of their rights,
all of which are expressly reserved.

2

Gregg M. Mashberg
Partner

Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299
d 212.969.3450/ f 212.969.2900
gmashberg@proskauer.com

-----Original Message-----
From: P. Stephen Lamont [mailto:pslamont@gmail.com]
Sent: Thursday, May 26, 2011 12:40 PM
To: Mashberg, Gregg M.
Subject: 2011-cv-949(HHK), Lamont, et al. v. Proskauer Rose, LLP et al.
Importance: High

Please accept electronic delivery of this original proceeding, fee paid
summons and complaint in the United States District Court for the
District
of Columbia on behalf of your Proskauer Defendants: Proskauer Rose, LLP,
Kenneth Rubenstein, Christopher C. Wheeler, and Steven C. Krane.  Thank
you
for your attention to this matter, and please note the change in email
address.

Best regards,

P. Stephen Lamont
Chairman and Chief Executive Officer
Iviewit Technologies, Inc.
175 King Street
Armonk, N.Y 10504
Tel: 914-217-0038
Emails: pslamont@gmail.com; pstephen.lamont@att.blackberry.net
Url's: www.linkedin.com/in/pstephenlamont;
www.facebook.com/pstephen.lamont;
www.myspace.com/pstephenlamont


THIS MESSAGE AND ITS EMBEDDED AND/OR ATTACHED FILES INCORPORATED
HEREIN
BY
REFERENCE CONTAIN INFORMATION THAT IS PROPRIETARY AND

3

CONFIDENTIAL,PRIVILEGED INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT,
YOU ARE PROHIBITED FROM READING, OPENING, PRINTING, COPYING, FORWARDING,
OR
SAVING THIS MAIL AND ITS EMBEDDED AND/OR ATTACHED FILES. PLEASE DELETE
THE
MESSAGE AND ITS EMBEDDED AND/OR ATTACHED FILES WITHOUT READING, OPENING,
PRINTING, COPYING, FORWARDING, OR SAVING THEM, AND NOTIFY THE SENDER
IMMEDIATELY AT 914.217.0038. IF YOU ARE THE INTENDED RECIPIENT, YOU ARE
PROHIBITED FROM FORWARDING THEM OR OTHERWISE DISCLOSING THESE CONTENTS
TO
OTHERS, WITHOUT THE EXPRESS WRITTEN CONSENT OF THE SENDER.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

===================================================================
========
==============================

**EXHIBIT 1.D:**

**Letter from Gregg M. Mashberg, Proskauer Rose LLP, to Catherine O'Hagan Wolfe, Clerk, United States Court of Appeals for the Second Circuit (Feb. 4, 2011)**

**Proskauer Defendants' Motion for Sanctions,**
*Lamont v. Proskauer Rose LLP*,
**Civil Action No. 11-949 (HHK) (D.D.C.)**



Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

Gregg M. Mashberg
Member of the Firm
d 212.969.3450
f 212.969.2900
gmashberg@proskauer.com
www.proskauer.com

February 4, 2011

**BY ECF**

Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals
 For the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Attn.: Deborah Holmes, Deputy Clerk

Re:   *Bernstein et al. v. Appellate Division First Department Departmental Disciplinary Committee, et al*, Docket No. 10-5303-cv

Dear Ms. Holmes:

We represent defendants-appellees Proskauer Rose LLP, Kenneth Rubenstein, Steven C. Krane (deceased), and the Estate of Stephen R. Kaye (the "Proskauer Appellees") in this appeal. This appeal is related to pro se plaintiff-appellant Stephen Lamont's ("Lamont") prior appeal to this Court in this matter (Dck. No. 08-4873-cv).[1]

By motion served by email on February 2, 2011, Lamont purports to move to amend the caption of this new appeal (from the district court's denial of his motion to reopen the case pursuant to Rule 60(b)(6), Fed. R Civ. P.) to eliminate as plaintiffs-appellants the individuals and entities (including himself) who purportedly appeared as plaintiffs below and on this appeal. He seeks to substitute "Shareholders of Iviewit Holdings, Inc." as the sole plaintiffs-appellants.

Since Lamont is appearing pro se, he is not permitted to appear in this action on behalf of anyone except himself. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself"), citing *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) and 28 U.S.C. § 1654; *see also Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (quoted by *Lattanzio*). Nor has counsel appeared to represent any of plaintiffs-appellants.

---

[1] *See* Mandate dated January 27, 2010 (dismissing appeal because it lacked any basis in law or fact and was therefore frivolous).

Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Newark | Paris | São Paulo | Washington, D.C.

**Proskauer»**

Catherine O'Hagan Wolfe
February 4, 2011
Page 2

Leaving aside the substantive issues implicated by Lamont's effort to appeal in a representative capacity, for present purposes we simply note that the motion to change the caption is improper and should be denied.

We are prepared to file a formal opposition to the motion if that would be of assistance to the Court.

Respectfully submitted,

Gregg M. Mashberg

# CERTIFICATE OF SERVICE

I, Gregg M. Mashberg, hereby certify that, on February 4, 2011, I caused to be served the annexed letter dated February 4, 2011 responding to plaintiff-appellant's motion to amend the caption of this appeal by first class mail and e-mail on the following parties to this action:

Eliot I. Bernstein
2753 Northwest 34th Street
Boca Raton, FL 33434
iviewit@iviewit.tv
*Plaintiff Pro Se*

P. Stephen Lamont
35 Locust Avenue
Rye, NY 10580
pstephen.lamont@verizon.net
*Plaintiff-Appellant Pro Se*

Dated: February 4, 2011
New York, NY

_____
Gregg M. Mashberg

**EXHIBIT 1.E:**

**Letter from Richard M. Howard, Meltzer, Lippe, Goldstein & Breitstone, LLP,
to P. Stephen Lamont (June 14, 2011)**

**Proskauer Defendants' Motion for Sanctions,**
*Lamont v. Proskauer Rose LLP*,
**Civil Action No. 11-949 (HHK) (D.D.C.)**

LAW OFFICES

# MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

190 WILLIS AVENUE, MINEOLA, NY 11501

TELEPHONE: (516) 747-0300

FACSIMILE: (516) 747-0653

INTERNET: www.meltzerlippe.com

Richard Howard, Esq.
Direct Dial: 516-747-0300 ext. 177
Email: RHoward@meltzerlippe.com
Facsimile 516-237-2893

*Video Conference Facilities*

June 14, 2011

**Via Federal Express**

Mr. P. Stephen Lamont
35 Locust Avenue
Rye, NY 10580

   Re: **Lamont v. Proskauer Rose, LLP, et al.**
      **Case No. 1:11-cv-00949**
      **MLGB File No. 00043-08250**

Dear Mr. Lamont:

  I write to offer you the opportunity to withdraw the above referenced complaint, which is without basis in fact or law. The continued prosecution of such a frivolous complaint is sanctionable under Rule 11 F.R.C.P. If you continue with this action against my firm, we will have no choice but to move to dismiss and separately move for sanctions.

  Your Complaint raises five (5) Claims for Relief, as follows:

   1) Violation of 42 USC § 1983
   2) Fraud
   3) Conspiracy to commit fraud
   4) Breach of contract; and
   5) Legal Malpractice.

Each claim is subject to a three (3) year statute of limitations. Such period has long since passed  You were clearly aware of the purported basis for your claims by virtue of your 2007 litigation, referenced in the Subject Complaint. Hence lack of notice of the alleged fraud and. Malpractice does not toll the statute of limitations. Each claim is therefore time barred and must be withdrawn to avoid the aforesaid motion practice.



*Long Island's Business Law Firm* ℠

CELEBRATING *40* YEARS

1970 - 2010

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

Mr. P. Stephen Lamont
June 14, 2011
Page 2 of 2

More specifically, as to your claims of fraud, breach of contract, conspiracy to commit fraud and legal malpractice, *see*, Diamond v. Davis, 680 A.2d 364, 396 (D.C. 1996), wherein the Court stated:

> The parties appear to have assumed that a three-year limitations period applies to each of Diamond's actions. Statutory and case authority supports their implicit agreement. *See* D.C.Code § 12-301(7) (1989) (contract); *King v. Kitchen Magic, Inc.*, 391 A.2d 1184, 1186 (D.C.1978) (fraud); *Saunders v. Nemati*, 580 A.2d 660, 665 (D.C.1990) (intentional infliction of emotional distress); *Knight v. Furlow*, 553 A.2d 1232, 1233 (D.C.1989) (breach of professional duty); *Thomas v. News World Communications*, 681 F.Supp. 55, 73 (D.D.C.1988) (holding that limitations period for civil conspiracy established by limitations period for underlying tort).

Regarding your breach of contract claim, *see also*, Murray v. Wells Fargo Home Mortg., 953 A.2d 308, 321 (D.C. 2008), stating, "A three-year statute of limitations applies to actions on a contract that is "express or implied [.]" D.C.Code § 12-301(7) (2001). The statute of limitations begins to run at the time the contract is breached. *Eastbanc, supra*, 940 A.2d at 1004.

Finally, as to your claim pursuant to 42 USC § 1983, *see*, Stubbolo v. The City of New York, 2008 WL 1926696 (App Div. 2008), stating, "It is further undisputed that the statute of limitations for plaintiff's cause of action pursuant to 42 USC § 1983 is three years from the date of accrual of each claim on which the § 1983 cause of action is based."

As all of your claims are time barred, please withdraw your Complaint and move on with your life.

Sincerely yours,
Meltzer, Lippe, Goldstein & Breitstone, LLP

Richard M. Howard

Cc:   Mr. Derek Arthur (Proskauer, 1585 Broadway, NYC, NY 10036)

546030-1