# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------X
)
P. STEPHEN LAMONT )
35 Locust Avenue Rye, N.Y. 10580, Tel.: (914) 217-0038 )
individually, AND AS NOMINEE FOR 100% OF THE ) Civil Action No.
CAPITAL SHARES OF IVIEWIT HOLDINGS, INC., ) 11 cv 00949 (BJR)
)
                       Plaintiff, )
)
             v. )
)
PROSKAUER ROSE LLP., )
1585 Broadway, New York, NY 10036-8299, et al. )
)
                    Defendants, )
)
---------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW AND POINTS AND AUTHORITIES
## IN FURTHER SUPPORT OF THE MOTION TO DISMISS THE COMPLAINT
## BY THE NEW YORK STATE DEFENDANTS

ERIC T. SCHNEIDERMAN
Attorney General of the
State of New York
<u>Attorney for the State Defendants</u>
120 Broadway - 24th Floor
New York, New York 10271
(212) 416-8965

MONICA A. CONNELL
Assistant Attorney General
 <u>Of</u> <u>Counsel</u>

## TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** ...................................................................................................... ii

**Preliminary Statement** ............................................................................................................... 1

**POINT I**
      THE STATE DEFENDANTS ARE NOT SUBJECT TO
      LONG-ARM JURISDICTION IN THE DISTRICT OF COLUMBIA ....................... 2

**POINT II**
      PLAINTIFF LACKS STANDING TO PURSUE HIS CLAIMS ................................ 4

**POINT III**
      THE *EX PARTE YOUNG* DOCTRINE DOES NOT OVERCOME
      STATE DEFENDANTS' SOVEREIGN, ABSOLUTE JUDICIAL
      OR QUASI-JUDICIAL IMMUNITY ............................................................................ 5

**CONCLUSION** ........................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

Bell Atlantic Corp. v. Twombley,
   550 U.S. 544 (2007)..................................................................................................5

Bernstein v. New York,
   591 F.Supp.2d 448 (S.D.N.Y. 2008).........................................................................2

Butz v. Economou,
   438 U.S. 478 (1978)..................................................................................................6

CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.,
   306 F.3d 87 (2d Cir. 2002) .......................................................................................6

Ex Parte Young,
   209 U.S. 123 (1908)..............................................................................................6, 5

Forrester v. White,
   484 U.S. 219 (1988)..................................................................................................6

Goodyear Dunlop Tires Operations, S.A. v. Brown,
   364 U.S. __, 131 S.Ct. 2846 (2011).........................................................................2

International Shoe Co. v. Washington,
   326 U.S. 310 (1945)..................................................................................................2

Jones v. Louisiana State Bar Ass'n,
   738 F.Supp.2d 74 (D.D.C. 2010) .............................................................................6

Lattanzio v. COMTA,
   481 F.3d 137 (2d Cir.2007) ......................................................................................5

Lujan v. Defenders of Wildlife,
   504 U.S. 555 (1992)..................................................................................................4

Mantell v. New York State Comm'n on Judicial Conduct,
   277 A.D.2d 96 (1st Dep't 2000), app. denied, 97 N.Y.2d 706 (2001) .....................5

Middlesex County Ethics Comm. v. Garden State Bar Ass'n,
   457 U.S. 423 (1982)..................................................................................................6

Mireless v. Waco,
   502 U.S. 9 (1991)(per curiam)..................................................................................6

Morrow v. Cahill,
    278 A.D.2d 123 (1st Dep't 2000), app. denied, 96 N.Y.2d 895 (2001) ...................................... 4

Nwachukwu v. Rooney,
    362 F.Supp.2d 183 (D.D.C.2005) .................................................................................. 6

Pennhurst State School & Hospital v. Halderman,
    465 U.S. 89 (1984) ....................................................................................................... 6

Pierson v. Ray,
    386 U.S. 547 (1967) ..................................................................................................... 6

Rappoport v. Dep't Disciplinary Comm.,
    1989 U.S. Dist. Lexis 13854 (S.D.N.Y. 1989) .............................................................. 6

Sassower v. Comm'n on Judicial Conduct of N.Y.,
    289 A.D.2d 119 (1st Dep't 2001) ................................................................................. 5

Simons v. Bellinger,
    643 F.2d 774 (D.C.Cir.1980) ........................................................................................ 6

Stump v. Sparkman,
    435 U.S. 349 (1978) ..................................................................................................... 6

Thomas v. Knight,
    257 F.Supp.2d 86 (D.D.C. 2003) ............................................................................. 4, 6

U.S. v. Wicks,
    2011 WL 5908869 (D.S.D. 2011) ................................................................................. 5

Ulico Cas. Co. v. Fleet Nat. Bank,
    257 F.Supp.2d 142 (D.D.C. 2003) ................................................................................ 3

**United States Constitutions**

Eleventh Amendment ................................................................................................................ 6

**Federal Statutes**

28 U.S.C.
    § 455 ............................................................................................................................. 2
    § 1654 ........................................................................................................................... 5

42 U.S.C.
    § 1983 ........................................................................................................................... 6

**State Statutes**

D.C.Code
    § 13-423 (4) ............................................................................................................................3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
------------------------------------------------------------X
                                                            )
P. STEPHEN LAMONT                                           )
35 Locust Avenue Rye, N.Y. 10580, Tel.: (914) 217-0038      )
individually, AND AS NOMINEE FOR 100% OF THE                )   Civil Action No.
CAPITAL SHARES OF IVIEWIT HOLDINGS, INC.,                   )   11 cv 00949 (BJR)
                                                            )
                        Plaintiff,                          )
                                                            )
            v.                                              )
                                                            )
PROSKAUER ROSE LLP.,                                        )
1585 Broadway, New York, NY 10036-8299, et al.              )
                                                            )
                        Defendants,                         )
                                                            )
------------------------------------------------------------X
```

**REPLY MEMORANDUM OF LAW AND POINTS AND AUTHORITIES**
**IN FURTHER SUPPORT OF THE MOTION TO DISMISS THE COMPLAINT**
**BY THE NEW YORK STATE DEFENDANTS**

**Preliminary Statement**

State Defendants respectfully submit this memorandum of law in further support of the their motion to dismiss the complaint (Docket No. 11). As set forth in State Defendants' motion, all claims against the State of New York and all named current and former State officials are subject to dismissal on the following grounds: (1) lack of personal jurisdiction; (2) lack of subject matter jurisdiction; (3) *res judicata* and collateral estoppel; (4) lack of standing; (5) sovereign immunity; (6) absolute and quasi-judicial immunity; and (7) failure to state a claim.

Plaintiff pro se P. Stephen Lamont's opposition to the motion fails to remedy these fundamental defects or to render any of his claims against the State Defendants viable. In his opposition, Plaintiff does not contest that his identical claims against the State Defendants for an

1

alleged failure to investigate attorney grievances and allegations of conflicts were previously litigated and dismissed in his prior action, entitled Bernstein v. New York, 591 F.Supp.2d 448, 461 (S.D.N.Y. 2008) (07 cv 11196).[1] Instead, Plaintiff merely reiterates his conclusory assertions that the State Defendants are subject to jurisdiction in the District of Columbia, that he has standing to assert his claims, and that he can somehow avoid the application of sovereign, judicial and quasi-judicial immunities.

For the reasons set forth below and in State Defendants' Memorandum of Law and Points of Authority in Support of Motion to Dismiss the Complaint, all claims against the State and all named State officers should be dismissed.

## POINT I

### THE STATE DEFENDANTS ARE NOT SUBJECT TO LONG-ARM JURISDICTION IN THE DISTRICT OF COLUMBIA.

In their motion to dismiss, State Defendants established that the exercise of personal jurisdiction over them in this case would offend due process and violate the District of Columbia's long-arm jurisdiction statute. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Goodyear Dunlop Tires Operations, S.A. v. Brown, 364 U.S. __, 131 S.Ct. 2846 (2011). Plaintiff has failed in his burden to demonstrate specific facts connecting each defendant with the District of Columbia sufficiently to subject them to suit here. See Ulico Cas.

---

1 In his opposition, Plaintiff seemingly concedes that he previously litigated his instant claims in Bernstein v. New York, but argues that he should be permitted to re-litigate his claims here because of alleged conflicts of interest. He asserts that because of purported financial interests of the district court judge and a judge on the United States Court of Appeals for the Second Circuit, the various orders and judgments against him in that case are void and this Court can disregard them. None of Plaintiff's conclusory allegations of the judges' financial interests would require the judges' disqualification under 28 U.S.C. § 455 and Plaintiff's attempt to avoid the preclusive effects of his previous action and his harassing re-litigation of settled issues should be denied as meritless.

2

Co. v. Fleet Nat. Bank, 257 F.Supp.2d 142 (D.D.C. 2003).

Plaintiff opposes the motion to dismiss primarily by re-asserting his allegations of a vast conspiracy. He does not set forth any of the factual allegations necessary to establish that the State Defendants are located in or took any action in the District of Columbia or could otherwise be subject to jurisdiction under the District's long-arm statute. Instead, Plaintiff argues that he is permitted to represent the "shareholdings" of other shareholders of Iviewit Holdings Inc. ("Iviewit") and because he is alleging that Iviewit's former attorneys conspired to steal Iviewit's intellectual property and the State Defendants did not subject them to attorney discipline, this somehow impacted Plaintiff's filings at the United States Patent Office, thus subjecting the State of New York and State officials to long-arm jurisdiction in the District of Columbia. He is apparently asserting that jurisdiction is appropriate pursuant to D.C.Code § 13-423 (4) on the basis that in allegedly mishandling attorney grievances filed by Plaintiff or others in New York, the State and all State Defendants somehow caused a tortious injury in the District of Columbia in relation with Iviewit's Patent Office filings. However, that provision provides for the exercise of long-arm jurisdiction where an out of District action causes tortious injury <u>within</u> the District <u>and</u> where the defendant "regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia". D.C.Code § 13-423(4). Plaintiff cannot meet any element of the necessary showing for the exercise of jurisdiction here.

First, Plaintiff has not established any injury within the District. As State Defendants previously noted, neither Plaintiff, nor Iviewit, on whose behalf he purports to bring suit, is located within the District. Instead, venue is based upon Plaintiff's assertion that his allegations

"derive from" Iviewit's filing of patent applications. See Complaint ¶¶ 3, 4. But the United States Patent Office is located in Alexandria, Virginia and not in the District of Columbia. Furthermore, Plaintiff has not articulated how the alleged failure to discipline an attorney in New York is somehow responsible for Iviewit's alleged injury in regard to patent filings in Alexandria, Virginia, such that it should cause the State of New York, and various officials in its state court system, to be subject to personal jurisdiction in the District of Columbia. Nor has Plaintiff even tried to set forth any allegations of a regular or persistent course of conduct by each Defendant in the District of Columbia, as he must. Plaintiff's assertion of jurisdiction over the State Defendants thus fails.

## POINT II

## PLAINTIFF LACKS STANDING TO PURSUE HIS CLAIMS.

In his opposition, Plaintiff argues, without factual or legal support, that he meets the three-part test for standing in this case: injury, causation and redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992). Plaintiff's Opposition, ¶¶ 25-31. He asserts that he was injured by the State Defendants' alleged failure to properly investigate grievances because this somehow caused him to be unable to enter into contracts.

But Plaintiff ignores the State Defendants' showing that individual citizens lack standing to maintain actions based upon an alleged governmental failure to investigate attorney grievance claims. Thomas v. Knight, 257 F.Supp.2d 86, 95 (D.D.C. 2003); Morrow v. Cahill, 278 A.D.2d 123 (1st Dep't 2000), app. denied, 96 N.Y.2d 895 (2001); Sassower v. Comm'n on Judicial Conduct of N.Y., 289 A.D.2d 119 (1st Dep't 2001); Mantell v. New York State Comm'n on

Judicial Conduct, 277 A.D.2d 96 (1st Dep't 2000), app. denied, 97 N.Y.2d 706 (2001).[2]

Furthermore, even were such claims permitted, Plaintiff could not establish standing because the disciplinary process did not cause and cannot address or remedy his complaints about alleged malfeasance in regard to Iveiwit's attempts to obtain patents and thus Plaintiff cannot establish injury, causation or redressability in relation to his claims against the State Defendants, notwithstanding Plaintiff's allegations that purported failures in the attorney grievance process caused Plaintiff to "forego thirteen years of unpaid royalties".  Nor is any alleged failure to discipline Iviewit's former attorneys going to redress Plaintiff's loss of hypothetical patent royalties.  He simply does not set forth plausible allegations of injury, causation or redressabilty.  Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007).  Accordingly, Plaintiff lacks standing to prosecute his claims.

## POINT III

**THE *EX PARTE YOUNG* DOCTRINE DOES NOT OVERCOME STATE DEFENDANTS' SOVEREIGN, ABSOLUTE JUDICIAL OR QUASI-JUDICIAL IMMUNITY.**

In this action, Plaintiff seeks hundreds of millions of dollars in monetary damages from the State Defendants.  In their motion, State Defendants noted that Plaintiff's claims for monetary damages are barred by the bedrock jurisprudential principles of sovereign immunity, judicial immunity, and quasi-judicial immunity, See, e.g., Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); Mireless v. Waco, 502 U.S. 9, 12 (1991)(per curiam);

---

[2] Of course, as a pro se litigant, Plaintiff also lacks standing to represent the interests of Iviewit or its other shareholders. See 28 U.S.C. § 1654 U.S. v. Wicks, 2011 WL 5908869, 1 (D.S.D. 2011)("[I]t is undisputed law 'for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel.'"), citing Lattanzio v. COMTA, 481 F.3d 137, 139–40 (2d Cir.2007) ("[A] layperson may not represent a separate legal entity such as a corporation .... We have extended this reasoning to partnerships and single shareholder corporations, as well as to shareholders who file derivative suits ....").

Forrester v. White, 484 U.S. 219, 225 (1988); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Butz v. Economou, 438 U.S. 478, 513 (1978); Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 433-34 (1982); Thomas v. Knight, 257 F.Supp.2d 86, 94 (D.D.C. 2003); Jones v. Louisiana State Bar Ass'n, 738 F.Supp.2d 74, 81 -82 (D.D.C. 2010).

In response, Plaintiff argues that § 1983 permits individual state officers to be "stripped" of their official sovereign immunity. See Plaintiff's Opposition, ¶¶ 39-42. While § 1983 does enable citizens to avoid dismissal based upon sovereign immunity and sue state officials for monetary damages in certain circumstances, the monetary claims against the individual State Defendants here are barred by absolute judicial and quasi-judicial immunity. See, e.g., Stump v. Sparkman, 435 U.S. 349, 356 (1978); Pierson v. Ray, 386 U.S. 547, 553-55 (1967); Rappoport v. Dep't Disciplinary Comm., 1989 U.S. Dist. Lexis 13854, *4 (S.D.N.Y. 1989); Nwachukwu v. Rooney, 362 F.Supp.2d 183, 192 (D.D.C.2005); Simons v. Bellinger, 643 F.2d 774, 780 (D.C.Cir.1980).

Plaintiff's reliance upon the Ex Parte Young doctrine is equally unavailing. See Plaintiff's Opposition, ¶¶ 39-42. The Ex Parte Young doctrine provides a limited exception to Eleventh Amendment immunity, but only for suits against state officials in their official capacities in order to stop ongoing violations of federal law and obtain prospective injunctive relief. See Ex Parte Young, 209 U.S. 123, 152 (1908); CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs., 306 F.3d 87, 98 (2d Cir. 2002). The doctrine does not permit monetary damages, does not apply against the State itself, and is not available where, as here, there is no alleged ongoing violation of federal law by the State Defendants.

**CONCLUSION**

State Defendants ask that the Court issue an order granting State Defendants' motion to dismiss the Complaint as against all State Defendants, with prejudice, and granting such other and further relief as the Court deems just, proper and appropriate.

Dated:  New York, New York
          June 4, 2012

                                              ERIC T. SCHNEIDERMAN
                                              Attorney General of the
                                              State of New York
                                              <u>Attorney for the State Defendants</u>
                                              By:

                                              _____/s_____
                                              MONICA A. CONNELL
                                              120 Broadway - 24th Floor
                                              New York, New York 10271
                                              (212) 416-8965

MONICA A. CONNELL
Assistant Attorney General
<u>Of</u> <u>Counsel</u>