# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

P. STEPHEN LAMONT, individually, AND AS
NOMINEE FOR 100% OF THE CAPITAL SHARES
OF IVIEWIT HOLDINGS, INC.,

Plaintiff,

v.

PROSKAUER ROSE LLP, et al.

Defendants.

Civil Action No:
11-00949 (BJR)

REPLY

## REPLY:  PROSKAUER DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

## INTRODUCTION

1.      On May 21, 2012 Plaintiff filed a Motion for Leave to File an Amended Complaint (Docket No. 44) based on new information stating that the purpose of the First Amended Complaint is to:

> a.  Bring a claim against Defendant Time Warner Inc. for violation of 42 U.S.C. 1983 based on such new information; and
>
> b.  Dismiss Defendants Steven C. Krane, Hon. Richard T. Andrias, and Hon. David B. Saxe.

2.      On June 6, the Proskauer Defendants filed their Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint [sic].

3.      Plaintiff reminds the Court that, there are NO new factual allegations against the Proskauer Defendants in the Amended Complaint, however, as they effectively, GLOBALLY lead this litigation, notwithstanding the signatures on the other parties moving papers, burden the

Court's docket with unnecessary motions practice, and litigate outside of the direct claims against them it is par for the course.

## BASES OF REPLY

4.      The Proskauer Defendants in its Opposition to the Motion at hand relies on:

      a.   Time-barred and facially deficient claims;

      b.   Fantastical allegations against Defendant Time Warner Inc.;

      c.   Implication of bad faith motive; and

      d.   *Bernstein v. New York*, 591 F. Supp. 2d 448, 470 (S.D.N.Y. 2008) (denying Lamont leave to file amended (sic) complaint).

In Reply, Plaintiff states as follows:

5.      <u>Time-barred and Facially Deficient Claims</u>.

      a.   The Proskauer Defendants, as they note, has since filed its Motion to Dismiss, Motion for Sanctions, and now this Opposition, and in doing so, declares "game over!"  Plaintiff asks, "Did Judge Rothstein retire as well, and someone forgot to notify Plaintiff?"

      b.   Should the Proskauer Defendants, as they have claimed, object to the cause of action in these matters <u>that is for the Court to order and give leave to amend</u>, not for the Proskauer Defendants to "demand," bring Motion for Sanctions, and Oppose leave; <u>perhaps, the Proskauer Defendants would like to act as their own jury as well</u>.

      c.   Respectfully, as the Proskauer Defendants continuously regurgitate their defenses, Plaintiff directs the Court to Plaintiff's Opposition to the Proskauer Defendants Motion to Dismiss (Docket No. 28)

6.   <u>Fantastical allegations against Defendant Time Warner Inc.</u>

    a.   As stated in the Amended Complaint (see Amended Complaint ¶¶ 73, 76, and 78), Plaintiff has come into the possession of new information regarding Time Warner:

        i.   An executed Confidentiality Agreement dated August 14, 2000;

        ii.   An executed Confidentiality Agreement dated February 27, 2001; and

        iii.   An electronic mail message, dated January 14, 2002, from a one David Colter, former Warner Bros., a unit of Defendant TW, Vice President of Advanced Technology and Standards where he blatantly advises his direct reports of the existence of an NDA in place, the existence of knowledge transfers and technology disclosures, and the present unauthorized use of such knowledge transfers and technology disclosures.

    b.   May it please the Court, the only thing "fantastical" about it is how such new information came into the possession of Plaintiff in the first place.

7.   <u>Implication of Bad Faith Motive</u>

    a.   On July 29, 2011, Judge Kennedy issued an amended order (DKT No. 24), staying the instant action pending Plaintiffs' payment of the filing fee in this case plus an additional charge ("Stay Order").

    b.   In August 2011 and again on April 13, 2012, Plaintiff received assurance from the District Court Finance Department that the entire filing fee plus finance charge was paid and docketed. (See the August 17, 2011 entry, no docket number).

    c.   Following along, on May 21, 2012 at approximately 3:03 P.M., this Court vacated the Stay Order and such further relief was granted.

    d.   Similarly, on May 21, 2012 at approximately 4:22 P.M. Plaintiff filed the Motion for Leave to File an Amended Complaint.

    e.   As the Motion here in question was filed a mere <u>seventy nine minutes</u> after the stay was lifted on the instant action, Plaintiffs' request was timely and made in good faith, not as implied by the Proskauer Defendants.

    f.   Plaintiff's timely filing still gave Defendant TW its twenty one (21) days to file a Motion to Dismiss per the Court's Order vacating the stay; scheduling deadlines, and further relief.

8.    <u>*Bernstein v. New York*, 591 F. Supp. 2d 448, 470 (S.D.N.Y. 2008) (denying Lamont leave to file amended (sic) complaint).</u>

    a.   Respectfully, as the Proskauer Defendants continuously regurgitate their defenses, yet again, Plaintiff directs the Court to Plaintiff's Opposition to the Proskauer Defendants Motion to Dismiss (Docket No. 28).

## CONCLUSION

**WHEREFORE,** for all the foregoing reasons, Plaintiff respectfully requests this Court to grant Plaintiff's Motion for Leave to File the Amended Complaint and such further relief as this Court deems appropriate.

Dated: June 6, 2012

P.STEPHEN LAMONT, *pro se*

/s/ P. Stephen Lamont
926 Boston Post Road
Rye, N.Y. 10580
Tel.: (914) 217-0038
p.stephen.lamont@gmail.com

**Copies To:**

Gregg M. Mashberg (via CM/ECF)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
212.969.3450
212.969.2900 (fax)
gmashberg@proskauer.com

James F. Segroves (via CM/ECF)
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
202.416.6800
202.416.6899 (fax)
jsegroves@proskauer.com

Counsel for Defendants Proskauer Rose LLP, Kenneth Rubenstein, Christopher C. Wheeler, and
the late Steven C. Krane

Paul R. Monsees (via CM/ECF)
FOLEY & LARDNER LLP
3000 K Street, NW
Suite 600
Washington, DC 20007-5109
202.672.5342
202.672.5399 (fax)
pmonsees@foley.com

Counsel for Defendant Foley & Lardner LLP

Monica A. Connell (via CM/ECF)
OFFICE OF THE ATTORNEY GENERAL
120 Broadway, 24th Floor
New York, NY 10271
212.416.8965
monica.connell@ag.ny.gov

Counsel for Defendants State of New York, Thomas J. Cahill, Martin R. Gold, Hon. Richard T.
Andrias, Hon. David B. Saxe, Lawrence DiGiovanna, Diana Maxfield Kearse, and James E.
Pelzer

Jared R. Butcher (via CM/ECF)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202.429.1302

202.429.3902 (fax)
jbutcher@steptoe.com

Counsel for Defendant Time Warner Inc.

Kent K. Anker (via CM/ECF)
Amy K. Penn (via CM/ECF)
FRIEDMAN KAPLAN SEILER & ADELMAN LLP
7 Times Square
New York, NY 10036-6516
212.833.1100
212.833.1250 (fax)
kanker@fklaw.com
apenn@fklaw.com

Attorneys for Defendants Foley & Lardner LLP, William J. Dick, Douglas A. Boehm, and
Steven C. Becker

Richard M. Howard (via email)
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501
516.747.0300
516.747-0653 (fax)
rhoward@meltzerlippe.com

Attorney for Meltzer, Lippe, Goldstein & Breitstone, LLP

Lewis S. Meltzer,  *pro se* (via email)
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501
516.747.0300
516.747-0653 (fax)
lmeltzer@meltzerlippe.com

RAYMOND A. JOAO, *pro se* (via email)
122 Bellevue Place
Yonkers, NY 10703

**Defendants Who Have Not Yet Appeared:**

BRIAN G. UTLEY
9541 Virginia Avenue S.
Bloomington, MN 55438

MICHAEL A. REALE
5304 Ventura Drive
Delray Beach, FL 33484

RAYMOND T. HIRSCH
6212 Mershon Street # A,
Philadelphia, PA 19149

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **P. STEPHEN LAMONT, individually, AND AS NOMINEE FOR 100% OF THE CAPITAL SHARES OF IVIEWIT HOLDINGS, INC.,** | |
| **Plaintiff,** | **Civil Action No:** <br> **11-00949 (BJR)** |
| **v.** | |
| **PROSKAUER ROSE LLP, et al.** | **ORDER** |
| **Defendants.** | |

## ORDER

This matter is before the Court on the Proskauer Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint [sic], where on June 6, 2012, Plaintiff, P. Stephen Lamont, individually, and as Nominee for 100% of the Capital Shares of Iviewit Holdings, Inc., replied to this Court to grant leave to file the Amended Complaint.

Accordingly, having considered the Motion for Leave, the Opposition, and the Reply it is hereby **ORDERED** that Plaintiffs' Motion for Leave to File an Amended Complaint is **GRANTED.** It is **FURTHER ORDERED** that, as Motion practice concludes, the parties begin settlement negotiations under the supervision of the Court.

**SO ORDERED.**

**Signed: Barbara J. Rothstein**
**United States Senior Judge**


DATED: _____, 2012