**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**P. STEPHEN LAMONT individually, AND AS**
**NOMINEE FOR 100% OF THE CAPITAL SHARES**
**OF IVIEWIT HOLDINGS, INC.,**

**DOCKET NO:**
**11-CV-949 (BJR)**

**Plaintiff,**

**OPPOSITION**

**-v-**

**PROSKAUER ROSE LLP, et. al.**

**Defendant**

**PLAINTIFF'S OPPOSITION TO THE PROSKAUER DEFENDANTS' MOTION**
**FOR SANCTIONS**

1.      On July 19, 2011, the Proskauer Defendants (Proskauer Rose LLP, Kenneth Rubenstein, and Christopher C. Wheeler, where the late Steven C. Krane is dismissed should the Court grant Plaintiffs' Motion for Leave to Amend) served upon Plaintiff Lamont a Motion for Sanctions Against P. Stephen Lamont Pursuant to Fed. R. Civ. P. Rule 11(c) (2).

2.      On May 29, 2012 the Proskauer Defendants filed such Motion with this Court.

3.      This Opposition to Rule 11 sanctions is presented in connection with Plaintiff's previously filed Opposition to the Motion to Dismiss of the Proskauer Defendants ("MTD Opposition") (Dkt No. 28), and incorporates by reference the factual background and legal arguments set forth in the Memorandum of Points and Authorities in Support of the MTD Opposition (See MTD Opposition for Memorandum form).   In a brief reiteration and expansion of the MTD Opposition, Plaintiff states as follows:

a.  In *Bernstein v. New York*, 591 F. Supp. 2d 448 (S.D.N.Y. 2008) ("Public Corruption Case"): Plaintiff Lamont was not an individual litigant; the cause of action of civil racketeering vis-a-vis Fraud and Conspiracy to Commit Fraud under the auspices of 42 U.S.C. §1983 are separate and apart; and, Plaintiff Lamont had no involvement with the amended complaint and it lacks the original signature Plaintiff Lamont.

b.  As to the arguments in the Motion for Sanctions, Plaintiff's MTD Opposition describes, with a great degree of particularity, failed arguments of collateral estoppel, *res judicata*, and time barring, where by these continuous violations (including the Motion for Sanctions), according to the Continuous Violations Doctrine[1], the time barring clock started on January 27, 2009.

c.  On April 13, 2012, Plaintiff advised opposing counsel in general, and Gregg M. Mashberg and James F. Segroves, counsel for the Proskauer Defendants, in particular, of the involvement of the United States of America in these proceedings.

d.  Surprisingly, in a reply on April 13, 2012, Mashberg states "Your references to the U.S. Government have no meaning to us."

4.    Accordingly, and to bring clarity to these matters for this Court, the other Defendants and their respective counsels in general, and the Proskauer Defendants and its reckless counsel in particular, Plaintiff states:

---

[1] The Continuing Violations Doctrine, Kyle Graham (43 Gonz. L. Rev. 273 2007-2008). See also *Bodner v. Banque Paribas*114 F. Supp. 2d 117, 134-35 (E.D.N.Y. 2000), *White v. Bloom*, 621 F.2d 276, 280-81 (8th Cir. 1980), *Hoery v. United States*, 64 PJd 214, 218 (Colo. 2003).

a. By virtue of a Consent Order styled as *United States of America v. Crossbow Venture Partners LP* (U.S.D.C., Southern District of Florida, 09-82483, December 22, 2009) <u>Plaintiff Lamont acts as a Nominee for the United States of America</u> in these proceedings and before then and since January 7, 2010 (Crossbow Venture Partners LP was Plaintiff's former lead investor).

b. Since that time, the Principal Agent for the Small Business Administration ("SBA") as Receiver for Crossbow Venture Partners, LP, Gerry McClure and Arlene M. Embrey, Counsel for the SBA as Receiver, have become intimately familiar with the claims of the instant action, as well as the claims of the Public Corruption Case.

c. In discussions and electronic mail exchanges with Ms. McClure and Ms. Embrey, Plaintiff Lamont advised her of the Proskauer Defendants' interest in bringing a Rule 11 Motion against the Plaintiff in the instant action and their demand that Plaintiff withdraws the Complaint.  In an electronic mail message on March 30, 2012, effectively, the United States of America, in Ms. McClure's representative capacity, instructed me to "…ask them to put it all in writing and then…move forward."

d. Karen G. Mills is the Administrator of the SBA, where Ms. Mills was nominated by President-elect Barack Obama on December 19, 2008, confirmed unanimously by the Senate on April 2, 2009, and sworn in on April 6, 2009.

e.  Ms. Mills was elevated to the rank of Cabinet-level officer on January 13, 2012, where, ultimately, Plaintiff Lamont <u>serves at her pleasure</u> as the SBA is a holder of more than 24% of the Capital Shares of Iviewit Holdings, Inc.

5.      Accordingly, Plaintiff Lamont brought this action, continues this case at Ms. Mills indirect instruction, and <u>has no authorization to withdraw</u> this case but only to settle these matters, subject to shareholder vote of 66.66% or more pursuant to Delaware Corporation Law Title 8, Chapter I, Subchapter X, Section 271, and move for a Stipulated Order for Voluntary Dismissal with this Court,

6.      On June 2, 2012, Plaintiff Lamont issued a corporate resolution stating that:

"…pursuant to Delaware Corporation Law Title 8, Chapter I, Subchapter X, Section 271 there is a resolution before you as holders of a majority of the outstanding stock of Iviewit Holdings, Inc.  You are entitled to vote at a shareholder's meeting that has been duly called for 12 days from even date above. The notice of the meeting states that such a resolution will be considered accepting or rejecting Proskauer's offer to be dismissed from the above referenced case in exchange for withdrawing their Motion for Sanctions. The meeting closed on Friday June 15, 2012 without the required 66.66% votes necessary to accept the offer of the Proskauer Defendants.

7.      Should the Proskauer Defendants, as they have claimed, object to the cause of action in these matters <u>that is for the Court to order and give leave to amend</u>, not for the Proskauer Defendants to "demand," bring Motion for Sanctions, and oppose leave to

bring an amended complaint; <u>perhaps, the Proskauer Defendants would like to act as their own jury as well</u>.

8.      May it please the Court, there are seven other groups of Defendants in the instant action, where no other group sees fit to go to the desperate lengths gone to by the Proskauer Defendants in their Motion for Sanctions; the discovery phase of these proceedings will show why in that the Proskauer Defendants have the most to lose.

9.      Where, upon information and belief, while counsel for the Proskauer Defendants baseless Motion for Sanctions in their futile attempt to halt these proceedings is actionable as to Gregg M. Mashberg and James F. Segroves, Plaintiff refrains from seeking such leave to amend the Complaint in this regard, but reserves all rights, in an effort to relieve this Court from the drama and circus like atmosphere the Proskauer Defendants seek to create in attempt to divert attention from the <u>real issue: Patent Fraud and Conspiracy to Commit Patent Fraud under the auspices of 42 U.S.C. §1983</u>, by an international law firm comprised of more than 200 members.

10.     Notwithstanding Section 2 of the Joint Status Report filed on April 17, 2002, Plaintiff has offered numerous times to settle this matter, and in an electronic mail message of May 31, 2012, again on June 13, 2012, Plaintiff offered a global settlement (except for Time Warner) to the several Defendants, including the Proskauer Defendants, by a formal draft Stipulated Order for Voluntary Dismissal. As even date below, only the Meltzer Defendants (Meltzer Lippe Goldstein & Breitstone LLP) inquired as to the "costs" where the remaining Defendants did not respond.

11.     Finally, Plaintiff, respectfully, closes this Opposition by reiterating:

a.  Plaintiff Lamont is the Chief Executive Officer of Iviewit Holdings, Inc., an employee;

b.  Not pursuing the desires of 85 prominent shareholders, <u>including the United States of America</u>, is a breach of fiduciary duties under Delaware Corporation Law, and is actionable as to Plaintiff Lamont;

c.  Refusing a direct request by the United States of America to "move forward" may be more problematic;

d.  The instant action, Fraud and Conspiracy to Commit Fraud under the auspices of 42 U.S.C. §1983 bears not a scintilla of relation to the civil racketeering cause of action in the Public Corruption Case; and

e.  <u>Plaintiff posses no unilateral power to withdraw this complaint.</u>

**WHEREFORE**, Plaintiff P. Stephen Lamont, individually, and as Nominee for 100% of the Capital Shares of Iviewit Holdings, Inc., including the United States of America, respectfully requests this Court to deny the Motion for Sanctions of the Proskauer Defendants.

Dated:  June 15, 2012

> Respectfully submitted,
>
> <u>For Plaintiff</u>
>
> <u>/s/ P. Stephen Lamont</u>
> P. Stephen Lamont, Pro Se
> 926 Boston Post Road
> Rye, N.Y. 10580
> Tel.: (914) 217-0038
> Email: p.stephen.lamont@gmail.com

6

**Copies To:**

Gregg M. Mashberg (via CM/ECF)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
212.969.3450
212.969.2900 (fax)
gmashberg@proskauer.com

James F. Segroves (via CM/ECF)
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
202.416.6800
202.416.6899 (fax)
jsegroves@proskauer.com

Counsel for Defendants Proskauer Rose LLP, Kenneth Rubenstein, and Christopher C.
Wheeler, and Steven C. Krane

Paul R. Monsees (via CM/ECF)
FOLEY & LARDNER LLP
3000 K Street, NW
Suite 600
Washington, DC 20007-5109
202.672.5342
202.672.5399 (fax)
pmonsees@foley.com

Counsel for Defendant Foley & Lardner LLP

Monica A. Connell (via CM/ECF)
OFFICE OF THE ATTORNEY GENERAL
120 Broadway, 24th Floor
New York, NY 10271
212.416.8965
monica.connell@ag.ny.gov

Counsel for Defendants State of New York, Thomas J. Cahill, Martin R. Gold, Lawrence
DiGiovanna, Diana Maxfield Kearse, and James E. Pelzer

Jared R. Butcher (via CM/ECF)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW

Washington, DC 20036-1795
202.429.1302
202.429.3902 (fax)
jbutcher@steptoe.com

Counsel for Defendant Time Warner Inc.

Kent K. Anker (via CM/ECF)
FRIEDMAN KAPLAN SEILER & ADELMAN LLP
7 Times Square
New York, NY 10036-6516
212.833.1100
212.833.1250 (fax)
kanker@fklaw.com
apenn@fklaw.com

Attorneys for Defendants Foley & Lardner LLP, William J. Dick, Douglas A. Boehm, and Steven C. Becker

Richard M. Howard (via email)
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501
516.747.0300
516.747-0653 (fax)
rhoward@meltzerlippe.com

Attorney for Meltzer, Lippe, Goldstein & Breitstone, LLP and Lewis S. Meltzer

Lewis S. Meltzer,  *pro se* (via email)
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501
516.747.0300
516.747-0653 (fax)
lmeltzer@meltzerlippe.com

RAYMOND A. JOAO, *pro se* (via email)
122 Bellevue Place
Yonkers, NY 10703

**Defendants Who Have Not Yet Appeared:**
BRIAN G. UTLEY
9541 Virginia Avenue S.
Bloomington, MN 55438

MICHAEL A. REALE
5304 Ventura Drive
Delray Beach, FL 33484

RAYMOND T. HIRSCH
6212 Mershon Street # A,
Philadelphia, PA 19149

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **P. STEPHEN LAMONT, individually, AND AS NOMINEE FOR 100% OF THE CAPITAL SHARES OF IVIEWIT HOLDINGS, INC.,** | |
| **Plaintiff,** | **Civil Action No:** **11-00949 (BJR)** |
| **v.** | |
| **PROSKAUER ROSE LLP, et al.** | **ORDER** |
| **Defendants.** | |

**ORDER**

This matter is before the Court on the Proskauer Defendants' Motion for Sanctions filed on May 29, 2012 and Plaintiffs' Opposition on June 15, 2012.  Having considered the Motion and the Opposition it is hereby **ORDERED** that Motion for Sanctions of the Proskauer Defendants is **DENIED.**

**SO ORDERED.**

**Signed: Barbara J. Rothstein**
**United States Senior Judge**

DATED: _____, 2012