IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

P. STEPHEN LAMONT,

    Plaintiff,

v.

PROSKAUER ROSE LLP, *et al.*,

    Defendants.

Civil Action No. 11-949 (BJR)

### DECLARATION OF RICHARD M. HOWARD, ESQ. IN OPPOSITION TO THE PLAINTIFF'S MOTION TO HOLD MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP AND LEWIS MELTZER IN DEFAULT

I, RICHARD M. HOWARD, depose and say upon personal knowledge as follows:

1. I am a member of the firm of Meltzer, Lippe, Goldstein & Breitstone, LLP and I make this Declaration: (a) in opposition to Plaintiff's motion to hold the Defendants, Meltzer, Lippe, Goldstein & Breitstone, LLP and Lewis Meltzer (the "Meltzer Defendants") in default; (b) in further support of the motion to admit me to practice before this Court *pro hac vice;* and (c) in further support of the Meltzer Defendants' motion to dismiss.

2. I am admitted to practice before the Courts of New York and New Jersey, both state and federal and all appellate courts thereof. I have been practicing law for over 31 years, but was not, at the time the Meltzer Defendants' motion was made, admitted to practice before this Court.

3. As Meltzer, Lippe, Goldstein & Breitstone, LLP is a partnership, not a corporation, I believed it could appear *pro se*. This may have been inaccurate. As stated in Eagle Assoc. v Bank of Montreal, 926 F2d 1305, 1309 [2d Cir 1991]:

> Courts that have considered the question of whether other types of organizations may appear through a lay representative are not in complete agreement. *Compare United States v. Reeves,* 431 F.2d 1187 (9 Cir.1970) (partnership has a right to appear *pro se* ) *with First Amendment Foundation v. Village of Brookfield,* 575 F.Supp. 1207, 1207 (N.D.Ill.1983) (partnership must be represented by attorney admitted to practice);

4. Rather than argue over whether Meltzer, Lippe, Goldstein & Breitstone, LLP

583699-1

may appear *pro se,* my *pro hac vice* admission has been moved by Daniel Kinburn, Esq. an active member of the bar of this Court with whom I was privileged to work closely in the office of the New York State Attorney General over thirty (30) years ago and whom I have known and, on occasion, practiced with ever since.

5.   I respectfully request the *pro hac vice* motion be granted and submit this affidavit in opposition to the Plaintiff's motion to seek to hold the Meltzer Defendants in default for their potential misconception. Plaintiff asserts a failure by the Meltzer Defendants to proceed with their defense (*nolo prosequi*), while acknowledging timely service and attempted filing of said Defendants' motion to dismiss.

6.   It is well settled that actions should be determined on their merits rather than default and certainly not because of a potential hyper-technical flaw. As stated in Canady v Erbe Elektromedizin GmbH, 307 F Supp 2d 2, 9 [DDC 2004]:

> The D.C. Circuit recently confirmed its preference for an adjudication on the merits and a corresponding disfavor for resolving litigation by default. *English-Speaking Union v. Johnson,* 353 F.3d 1013, 1021 (D.C.Cir.2004) (citing *Shepherd v. Am. Broad. Cos.,* 62 F.3d 1469, 1475 (D.C.Cir.1995)); *accord Whelan v. Abell,* 48 F.3d 1247, 1258 (D.C.Cir.1995) (reiterating "the federal policy favoring trial over default judgment" (citation omitted)); *Jackson,* 636 F.2d at 835 (discussing the "strong policies favoring the resolution of genuine disputes on their merits" (citations omitted)). This line of reasoning rhymes with the Federal Rules of Civil Procedure, which generally embody an effort to ensure that courts decide cases based on the strength of the adversaries' arguments rather than on the skillful use of technicalities. *See Foman v. Davis,* 371 U.S. 178, 181-82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (explaining that "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of [ ] mere technicalities"). The court therefore declines the defendants' invitation to play "a game of skill in which one misstep by counsel may be decisive to the outcome," accepting instead the well-founded precept disfavoring default judgments. *Id.* (citing *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *English-Speaking Union,* 353 F.3d at 1021; *Shepherd,* 62 F.3d at 1475; *Whelan,* 48 F.3d at 1258; *Jackson,* 636 F.2d at 835. Accordingly, the court denies the defendants' motion.

7.   It is respectfully submitted that where, as here, it is entirely on the basis of a potential "mere technicalities," that a party seeks adjudication, such an application should be denied.

8.   I therefore respectfully request that: (a) the motion moving my admission *pro hac vice* be granted in its entirety; (b) the Plaintiff's motion to hold the Meltzer Defendants in default be denied in its entirety; and (c) the Meltzer Defendants' Motion to Dismiss the instant Complaint be granted in its entirety.

583699-1

9.     I have therefore attached hereto an additional copy of the Meltzer Defendants' Motion to Dismiss the instant Complaint.

10.    As no novel issues of law are raised, I respectfully request that a requirement for the inclusion of a memorandum of law be waived.

Wherefore, it is respectfully submitted that the Subject Complaint be dismissed in its entirety and the Defendants be awarded such other and further relief as this Court deems just and proper.

Dated: June 19, 2012

_____
Richard M. Howard

583699-1