IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| P. STEPHEN LAMONT, individually and as Nominee for 100% of the Capital Shares of Iviewit Holdings, Inc.,<br><br>                Plaintiff,<br><br>       v.<br><br>PROSKAUER ROSE LLP, *et al.*,<br><br>                Defendants. | Civil Action No. 11-949 (BJR) |

**PROSKAUER DEFENDANTS' REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS**

Defendants Proskauer Rose LLP, Kenneth Rubenstein, Christopher Wheeler and Stephen Krane (collectively, the "Proskauer Defendants"), respectfully submit this reply memorandum in further support of their motion to impose sanctions against Plaintiff P. Stephen Lamont ("Lamont") pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**ARGUMENT**

**I.    LAMONT'S CONTINUING ACTIONS UNDERSCORE THE NEED FOR SANCTIONS**

Lamont's recent conduct in connection with this motion has only compounded the misconduct that compelled the Proskauer Defendants to seek monetary and injunctive relief pursuant to Rule 11.

*First*, Lamont has the audacity to threaten to name as defendants in this action the Proskauer attorneys who have appeared on behalf of the Proskauer Defendants: Gregg M. Mashberg and James F. Segroves. On April 18, 2012, shortly after the Joint Status Report was filed with the Court, Lamont sent an email to Messrs. Mashberg and Segroves (as well as counsel for the

Foley & Lardner Defendants) threatening to name them *personally* as defendants in this action as participants in the underlying alleged fraud if they proceeded to prosecute the previously served but not yet filed Rule 11 motion:

> Okay, we let you have your fun in the Status Report, but now please take NOTICE:
>
> Any irresponsible efforts to halt this litigation or attempt to cause the withdrawal of this litigation (i.e., Motion for Sanctions, etc.) is going to be met with the response of an AMENDED COMPLAINT (attached) inserting those responsible individuals as Defendants under the claim of CONSPIRACY TO COMMIT PATENT FRAUD followed by a MOTION TO DISQUALIFY DEFENDANTS' COUNSEL FOR CONFLICTS OF INTEREST.  You have been fairly noticed, and I suggest you govern yourselves accordingly.  As you know, I will be stepping aside after motion practice is completed, to be substituted by a well known trial lawyer.
>
> Best regards,
>
> P. Stephen Lamont

A copy of Lamont's threatening email is attached as Exhibit A to the accompanying Reply Declaration of Gregg M. Mashberg, dated June 29, 2012 ("Mashberg Reply Decl."). Lamont's draft amended complaint, naming Mashberg and Segroves as defendants in an alleged conspiracy to commit patent fraud, is attached as Exhibit B to the Mashberg Reply Declaration (*n.b.* ¶¶ 10-11, 81).

Lamont's threat is no idle one. In *Lamont I*, Lamont filed an amended complaint naming Mashberg and the associate assisting him in that litigation as defendants solely in retaliation for them having appeared as counsel on behalf of the Proskauer Defendants. *See Lamont I* Am. Compl. ¶¶ 58-59, 233, Ex. 1.G, Mashberg Decl. in Supp. of Proskauer Defs.' Mot. to Dismiss, ECF No. 21-8. Lamont's amended complaint in *Lamont I* also named approximately 30 additional Proskauer attorneys as defendants (on the sole ground that he believed they practiced intellectual property law at Proskauer), along with scores of other defendants. Judge Scheindlin refused to permit Lamont to serve that amended compliant, although she subsequently directed

that the dismissal apply to the scores of unserved defendants.  *See Lamont I* Am. Compl. ¶¶ 27-59; *Lamont I*, 591 F. Supp. 2d 448, 470 (S.D.N.Y. 2008).

Now, in response to the Proskauer Defendants' having filed their Rule 11 motion, Lamont keeps his threat alive, representing to the Court: "Plaintiff refrains from seeking such leave to amend the Complaint" to name Mashberg and Segroves "but reserves all rights . . . ."  Pl.'s Opp'n to Proskauer Defs.' Mot. for Sanctions ¶ 9, ECF No. 62 ("Rule 11 Opp'n").  The impropriety of Lamont's threat to retaliate personally against counsel is palpable and needs no elaboration.  Nor does Lamont's *pro se* status excuse or ameliorate the seriousness of his misconduct.  As the Proskauer Defendants explained in their opening memorandum of law on this motion ("Proskauer Rule 11 Initial Memo") (at 5), Lamont holds himself out as a sophisticated business man with a law degree from the Columbia University School of Law.  Rule 11 sanctions are clearly in order.  *See McCreary v. Heath*, No. 04-00623 (PLF), 2005 U.S. Dist. LEXIS 7986, at *9-10 (D.D.C. April 22, 2005) (imposing sanctions against a *pro se* plaintiff for bringing "essentially fictitious" claims against opposing counsel and finding that "no adverse decision would deter the plaintiff from continuing to file"); *Caldwell v. Caesar*, No. 98-1857, 2002 U.S. Dist. LEXIS 16897, at *8-9, 14 (D.D.C. September 6, 2002) (imposing sanctions on plaintiff's counsel who impugned the "professional and personal integrity" of defense counsel despite defense counsel's compliance with his professional obligations).

*Second*, while the Proskauer Defendants cannot begin to fathom how Lamont fancies himself a "Nominee for the United States of America in these proceedings" (Rule 11 Opp'n ¶ 4.a), Lamont has recently misrepresented to the defendants that the "United States Small Business Administration as Receiver for Crossbow Ventures, LP is requesting your consent to file a Motion to Intervene in these proceedings" (Mashberg Reply Decl., Ex. C at 2), and Lamont now

compounds that misrepresentation by representing to the Court that the Small Business Administration ("SBA") is somehow cooperating with Lamont in connection with this litigation. *See* Rule 11 Opp'n ¶ 5 (asserting that Lamont "continues this case at [the SBA's] indirect instruction").

On June 12, 2012, counsel for the Proskauer Defendants received an unsolicited email categorically rejecting Lamont's representations to defendants that the SBA was requesting consent to intervene in this case:

> Good afternoon.  I am counsel for the U.S. Small Business Administration as receiver for Crossbow Venture Partners, L.P.  Please note that Mr. Lamont is not, and has never been, authorized to act for Crossbow or its receiver and that the email (text below) was not sent by, or approved by, or written on behalf of, the Receiver or any of its authorized representatives.
>
> Regards,
> Arlene Embrey
>
> One of Plaintiff's Nominors, the United States Small Business Administration as Receiver for Crossbow Ventures, LP is requesting your consent to file a Motion to Intervene in these proceedings.  Do you so consent?

Mashberg Reply Decl., Ex. C at 1.

As in the case of Lamont's threats to name defense counsel as defendants (again), his misrepresentations that he is acting on behalf of or in cooperation with a federal agency requires that he be held accountable for his misconduct and, moreover, that he be restrained from continuing to abuse defendants, third parties and the judicial process.  Beyond dismissal of his baseless complaint, if there is any possibility of reigning in this reckless *pro se* litigant, it is necessary to impose Rule 11 sanctions that include both monetary and injunctive relief.

*Third*, because Lamont is a *pro se* plaintiff and he cannot appear on behalf of anyone but himself, *see* Mem. of P. & A. in Supp. Proskauer Defs.' Mot. to Dismiss at 12, ECF No. 21, Lamont cannot avoid Rule 11 sanctions by arguing (Rule 11 Opp'n ¶¶ 4.a., 4.c., 4.e., 5, 6, 11.b.,

11.e) that his purported clients or the purported Iviewit principals have not given him authority to withdraw the complaint. The complaint belongs to Lamont. He is the one personally responsible for the abusive conduct. He is the one against whom sanctions are sought and should be imposed.

## II.     INJUNCTIVE RELIEF, IN ADDITION TO MONETARY SANCTIONS, IS NECESSARY

Dismissal and monetary sanctions are not a sufficient deterrent under the circumstances here. More is required if there is any hope of stopping Lamont from harassing defendants and abusing the judicial system by filing motions for reconsideration and, inevitably, additional litigation in this or other venues. As explained in the Proskauer Rule 11 Initial Memo (at 12), Lamont has previously threatened to continue filing lawsuits regardless of outcome, has brought this patently frivolous case, falsely asserts that he is acting on behalf of or in conjunction with a federal agency, and has threatened to sue defense counsel personally to coerce them from pursuing sanctions against him.

There is ample precedent under these circumstances for imposing an injunction against Lamont. In *McCreary*, this Court entered an injunction against a *pro se* plaintiff restraining him from filing further claims without leave of the Court. *See* 2005 U.S. Dist. LEXIS 7986, at *3, 4, 8, 11. The Court's order was based on the finding that the *pro se* plaintiff had "announced his plans to keep filing similar claims, regardless of any adverse outcome[,]" asserted that defendants conspired to commit fraud against him, and then escalated the already hyperbolic assertions in the complaint. *Id.* at *3, 8-10. As in *McCreary*, injunctive relief is a necessary corollary to the imposition of monetary sanctions in this case.

**CONCLUSION**

For the foregoing reasons and those contained in the Proskauer Defendants' opening memorandum of law, the Court should impose sanctions on Lamont constituting (1) the Proskauer Defendants' costs in preparing their Rules 12(b) and 11 motions; and (2) an injunction prohibiting Lamont from filing any further motions in this action or filing any action in this or any other court arising out of or relating to the allegations in *Lamont I* or this case without prior leave of this Court.

Dated: June 29, 2012                                          Respectfully submitted,

                                                              PROSKAUER ROSE LLP


By: _____/s/ James F. Segroves_____         By: _____/s/ Gregg M. Mashberg_____
    James F. Segroves                              Gregg M. Mashberg
    (D.C. Bar No. 480630)                          (admitted *pro hac vice*)
    1001 Pennsylvania Avenue, NW                   11 Times Square
    Washington, DC 20004-2533                      New York, NY 10036-8299
    202.416.6800                                   212.969.3000
    202.416.6899 (fax)                             212.969.2900 (fax)
    jsegroves@proskauer.com                        gmashberg@proskauer.com

*Attorneys pro se for Defendant Proskauer Rose LLP*
*and Attorneys for Defendants Kenneth Rubenstein,*
*Christopher C. Wheeler, and the late Stephen C. Krane*