UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

P. STEPHEN LAMONT,

    Plaintiff,

v.

PROSKAUER ROSE, LLP, *et al.*,

    Defendants.

Civil Action No. 11-0949 (BJR)

MEMORANDUM ORDER
DENYING DEFENDANTS' MOTIONS
FOR SANCTIONS

Before the court are two motions for sanctions against Plaintiff P. Stephen Lamont filed by Defendants Proskauer Rose LLP, Kenneth Rubenstein, Christopher C. Wheeler, and the late Stephen C. Krane ("Proskauer Defendants") [Dkt. # 46], and Defendants Foley & Lardner LLP, Steven C. Becker, Douglas A. Boehm, and William J. Dick ("Foley Defendants") [Dkt. # 73].[1] Upon consideration of the motions, the oppositions thereto, and the record of this case, the court concludes that both motions must be denied at this juncture, but puts Plaintiff on notice that further conduct of this nature may be subject to sanctions.

---

[1] For a full description of the defendants in this case, see *Lamont v. Proskauer Rose, LLP*, No. 11-0949, 2012 WL 3195091, at *1 n. 1 (D.D.C. Aug. 8, 2012).

## I. BACKGROUND[2]

In 2011, Plaintiff, proceeding *pro se*, commenced suit against Defendants and numerous other parties, asserting that Defendants violated his civil rights in contravention of 42 U.S.C. § 1983. Compl. ¶¶ 5-30. On August 8, 2012, the court dismissed the Complaint after determining that Plaintiff's claims were precluded under the doctrine of *res judicata*. Such a holding was required because plaintiff had previously filed suit in the Southern District of New York alleging the same § 1983 claims against a majority of the same defendants. *See Lamont v. Proskauer Rose, LLP*, No. 11-0949, 2012 WL 3195091, at *1 (citing *Bernstein v. State of New York*, 591 F. Supp. 2d 448 (S.D.N.Y. 2008)). In that case, the Honorable Shira Scheindlin dismissed the § 1983 claims reasoning that the statute of limitations, defendants' immunity from suit, and the plaintiffs' failure to allege any wrongdoing foreclosed his claims. *Id.* at 464-68. In denying leave to replead, Judge Scheindlin found that there was "no reason to believe [that Plaintiff] would ever be able" to state "a legally cognizable federal claim against a single defendant." *Id.*

Undeterred, Plaintiff appealed to the Second Circuit, which dismissed his claim as frivolous, Mandate, filed Feb. 5, 2010, *Bernstein v. State of New York*, No. 07-11196, moved to re-open his case which was denied, Order, filed Dec. 15, 2010, *Bernstein v. State of New York*, No. 07-11196, and again appealed to the Second Circuit, also denied, Mandate, filed May 5, 2012, *Bernstein v. State of New York*, No. 07-11196.

## II. ANALYSIS

The Proskauer and Foley Defendants now move for sanctions against Plaintiff under Federal Rule of Civil Procedure 11 ("Rule 11"). They argue that, in filing the same § 1983 claim in this court, Plaintiff acted in bad faith and with an intent to harass them with frivolous claims.

---

[2] The factual background, as set forth in *Lamont*, 2012 WL 3195091, at *1-2, is incorporated by reference.

Both groups of defendants seek sanctions in the form of attorney's fees, costs, and a pre-filing injunction which would require Plaintiff to seek leave of this court before filing additional claims based on similar factual allegations. Plaintiff filed a largely incoherent opposition that failed to address the Defendants' arguments in any meaningful way. The court concludes that, although Plaintiff's filings and correspondence with the Proskauer Defendants approach sanctionable conduct, sanctions are not warranted at this time.

Under Rule 11(b), an attorney or unrepresented party must certify that, following an inquiry reasonable under the circumstances, any pleadings, motions, or other papers filed with the court are not presented for any improper purpose, contain only nonfrivolous legal arguments, and contain only factual contentions having evidentiary support. If the court determines that Rule 11(b) has been violated, Rule 11(c)(1) gives the court discretion to impose sanctions. *Dorsey v. American Express Co.*, 680 F. Supp. 2d 250, 255 (D.D.C. 2010); s*ee also* Fed. R. Civ. P. 11 advisory committee notes (explaining, "whether a violation has occurred and what sanctions, if any, to impose for a violation are matters committed to the discretion of the trial court."). Rule 11's purpose is "to deter baseless filings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 392 (1990).

In this case, the court has not determined whether or not Rule 11(b) has been violated.[3] However, even if there was a Rule 11(b) violation, the court, in its discretion, concludes that sanctions against Plaintiff are not warranted at this time.

Where a court finds a violation of Rule 11, it has discretion to issue monetary sanctions, Fed. R. Civ. P. 11(c)(2), including attorney's fees and costs, as well as a pre-filing injunction

---

[3]   Although, given the Second Circuit's ruling and the similarity of the claims before this court to the ones asserted in the Southern District of New York, it is likely that this court would find Plaintiff's arguments to be frivolous.

requiring court approval before filing additional factually similar claims. *Reynolds v. U.S. Capitol Police Bd.*, 357 F. Supp. 2d 19, 26 (D.D.C. 2004) (compiling cases). Pre-filing injunctions "should be used only in exigent circumstances" and are "very much the exception to the general rule of free access to the courts." *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) (internal quotation marks omitted). In addition, particular caution should be given when considering sanctions against a *pro se* plaintiff. *Id.* Plaintiffs' right to due process dictates that, among other requirements, a district court must make substantive findings as to the frivolous and harassing nature of the litigant's actions before issuing an injunction. *Kaempfer v. Brown*, 872 F.2d 496, 496 (D.C. Cir. 1989) (citing *Powell*, 851 F.2d at 431); *Rodriguez v. Shulman*, 884 F.Supp.2d 1, 15 (D.D.C. 2012). In so determining, a court should "look to both the number and content of the filing as indicia of frivolousness and harassment." *Powell*, 851 F.2d at 431. "Mere litigiousness alone does not support the issuance of an injunction[;]" rather, a plaintiff's actions must demonstrate a complete abuse of the judicial process. *Id.* at 434.

At this stage, the predominant harm Defendants face is the filing of another similar or identical suit by Plaintiff in another court. As such, the court will first address Defendants' requested pre-filing injunction. Undoubtedly, Plaintiff is litigious, as evidenced by the voluminous filings he generated in his case before the Southern District of New York and the Second Circuit. As well, his conduct in the present litigation suggests that he may be motivated by an improper intent to relitigate unsuccessful claims in multiple courts. When the Proskauer Defendants warned him of their intention to seek sanctions against him for filing what they allege is a frivolous complaint in this court, Plaintiff responded that he would continue pursuing his claims and file in "a non-conflicted court . . . whenever and wherever" he chose. Proskauer

Def.'s Mot. for Sanctions, Exh. 1.C at 10. Such language indicates an intent to abuse the judicial process – conduct which may be subject to Rule 11 sanctions.

Although bordering on sanctionable conduct under Rule 11, Plaintiff's conduct has not yet crossed the line. In addition to the present lawsuit, Plaintiff has filed one additional action, which, as discussed above, he appealed twice to the Second Circuit.[4] To be sure, the court is well aware that even in the single, unsuccessful action the Plaintiff initiated in the Southern District of New York and the Second Circuit, his repetitious and voluminous filings imposed a substantial burden on Defendants and the courts. The court is also aware of the additional burden placed on Defendants in relitigating these same claims in this court. Nevertheless, in light of the high bar set for a pre-filing injunctive remedy and Plaintiff's *pro se* status, the court declines to enjoin plaintiff at this time. Importantly, the court expects that the strong warning contained in this order will dissuade Plaintiff from further repetitious filings. For the same reasons, the court, in its discretion, does not find that monetary sanctions are presently justified. However, Plaintiff is hereby on notice that his claims are precluded and their subsequent refiling would not be "warranted by existing law or by a nonfrivolous argument." *See* Fed. R. Civ. P. 11(b).

Although the court will not sanction Plaintiff at this time, it emphasizes that Plaintiff's conduct approaches the limits of propriety. The persistent filing of identical claims in numerous

---

[4] This number is considerably less than those lodged by other, more prolific *pro se* filers who were ultimately enjoined from filing without court approval. *See Urban v. United Nations*, 768 F.2d 1497, 1498-99 (D.C. Cir. 1985) (plaintiff enjoined after filing sixteen cases, twenty-eight separate appeals, and fifty motions within appellate court alone); *Lee v. State Compensation Ins. Fund*, No. 05-670, 2005 WL 1903343, at *2 (D.D.C. July 13, 2005) (plaintiff enjoined after filing over a dozen suits with same court in just over a year); *Mikkilineni v. Penn Nat. Mut. Casualty Ins. Co.*, 271 F. Supp. 2d 142, 143-44 (D.D.C. 2003) (plaintiff enjoined after filing seven actions and developing an "extensive history of violating court orders" including orders enjoining future filings without court approval); *Anderson v. District of Columbia Public Defender Serv.*, 881 F. Supp. 663, 667 (D.D.C. 1995) (plaintiff enjoined after filing at least thirty suits within six years).

jurisdictions that he threatens in his correspondence with the Proskauer Defendants is contrary to the "purpose for which civil courts have been established, the *conclusive* resolution of disputes within their jurisdictions." *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004) (emphasis added) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Accordingly, the court hereby warns Plaintiff that any further filings that demonstrate an intent to harass parties, to file for an improper purpose, to litigate claims that have no factual or legal basis, or that have previously been litigated, may well result in injunctive or monetary sanctions from this or another court.

### III. CONCLUSION

For the foregoing reasons, the court concludes that the Proskauer and Foley Defendants' motions for sanctions must be denied. Accordingly, on this 17th day of September, 2012, it is hereby

**ORDERED** that Defendants' motions for sanctions [Dkt. ## 46, 73] are **DENIED**; and it is further

**ORDERED** that Plaintiff is on notice that any future improper conduct before this or other courts may be subject to sanctions in the form of pre-filing injunctions or monetary sanctions.

*/s/ Barbara J. Rothstein*

---
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE